(115 App. Div. 377)

## GORDON v. MAAS.

(Supreme Court, Appellate Division, First Department.  November 5, 1906.)

CANCELLATION OF INSTRUMENTS — ASSIGNMENT — ACCOUNTING — COMPLAINT— STATEMENT OF CAUSE OF ACTION.

A complaint alleged that plaintiff delivered coal to a certain corporation at defendant's request, and that subsequently defendant, intending to defraud plaintiff, fraudulently and falsely represented that the corporation and defendant were insolvent, but that he could procure for plaintiff 50 per cent. of the amount due on the coal if plaintiff would discharge the claim; that plaintiff, relying on such statements, accepted 50 per cent. of the amount due, and thereupon defendant induced plaintiff to deliver to defendant an assignment of plaintiff's claim against the corporation; that in fact the corporation had prior thereto delivered to defendant sufficient property to pay plaintiff's claim in full, and for that purpose. Judgment was demanded that the assignment be canceled and set aside, and that plaintiff have an accounting of the property received by defendant of the corporation to pay plaintiff's claim, and that plaintiff recover the balance of the account.  *Held*, that a demurrer to the complaint on the ground that it did not state a cause of action was properly sustained, as the complaint showed that the plaintiff had no claim against the corporation, and hence the assignment of any such claim was no bar to an action which he might have against the defendant on the original delivery of the goods, and the facts did not show plaintiff entitled to an ac-· counting.

Appeal from Special Term, New York County.

Action by Joseph Gordon against Bernard J. Maas. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

William F. Maloney, for appellant.
Walter J. Rosenstein, for respondent.

CLARKE, J.  The complaint alleges that the plaintiff delivered to the Gallatin Hotel, at the instance and request of the defendant, coal at the agreed price and at the reasonable worth and value of $253, which amount was due and owing, on or about the 15th day of November, 1904; that the said hotel was owned by the Gallatin Hotel Company, and the said coal was delivered to said company at the defendant's request, and said coal was used by the said Gallatin Hotel, and the defendant promised and agreed to pay therefor; that the defendant, intending to cheat and defraud this plaintiff of and from a part of said sum so due as aforesaid, fraudulently and falsely represented and pretended to the plaintiff that the said Gallatin Hotel Company and the defendant were insolvent, but that he could procure for the plaintiff 50 per cent. of the amount due the plaintiff as aforesaid, if plaintiff would satisfy and discharge the said claim; that plaintiff, relying upon said statements and believing them, consented to accept 50 per cent. of the amount due him as aforesaid, and thereupon the defendant paid the plaintiff the sum of $126.50 on or about August 12, 1905, and induced the plaintiff to deliver to defendant an assignment of the plaintiff's claim against the Gallatin Hotel Company, which said assignment was dated on or about the said 12th day of August, 1905; that in fact the Gallatin Hotel Company had prior thereto transferred and delivered to the said Maas funds and property sufficient to pay the claim of the plaintiff in full, and for that purpose, and the said Maas, intending to cheat, deceive, and defraud the plaintiff of and from a part of plaintiff's claim as aforesaid, and fraudulently and deceitfully concealing from the plaintiff the true situation and facts, intending thereby to defraud the plaintiff of and from 50 per cent. of his claim as aforesaid, made the statements and representations hereinbefore referred to, and induced the plaintiff to deliver an assignment to said defendant for plaintiff's claim as aforesaid, upon all of which statements and representations, and in ignorance of the true facts, plaintiff relied —all to the damage of the plaintiff in the sum of $126.50.  Wherefore the plaintiff demands judgment that the said assignment be canceled and set aside, that plaintiff may have an accounting of the said amounts of moneys and property received by the said Maas from the Gallatin Hotel Company for the payment of plaintiff's claim, that plaintiff recover the said $126.50, and that, in case the said amount is not paid, plaintiff may have orders of arrest and execution against the said defendant, and such other and further relief as to the court may seem just and proper.

There is no allegation in this complaint that the Gallatin Hotel Company made any contract with the plaintiff, bought anything from him, or owes anything to him. The allegation is as plain as language can make it that the plaintiff furnished coal to the hotel at the request of the defendant, and upon his promise to pay therefor, not as guarantor, but as an original promisor. If the plaintiff had no claim against the Gallatin Hotel Company, as it is evident under these allegations that he did not, the assignment of such claim to the defendant is no bar to any action which he might have against the defendant upon the original delivery of the goods at his request and upon his promise to pay; and therefore there is no necessity for an equitable action to set aside the said assignment upon the ground of fraud. If, in a direct action upon the original promise, said assignment should be set up or introduced as a defense, it could be attacked, and would be of no avail. Nor does there seem to be any necessity for an accounting; for, if the Gallatin Hotel Company was not indebted to the plaintiff, I do not see that the plaintiff has a right to this accounting for any sums of money which the Gallatin Hotel Company may have paid the defendant. Pleading, under the liberal rules of the Code, has reached a deplorable condition of ineptitude and uncertainty. But I do not think that a trial court should be called upon to spell out from this complaint a cause of action, or determine whether it should be tried before a jury or before the court at Special Term.

The judgment appealed from should be affirmed, with costs in this court and the court below, with leave to the plaintiff, within 20 days, upon the payment thereof, to serve an amended complaint. All concur.