LYONETTE SILKS, INC., Respondent, *v.* K. WILBUR DOLSON COMPANY, Appellant.

First Department, May 2, 1919.

Pleading — answer not considered on motion by defendant for judgment on pleadings — sale — provision of contract of sale, that terms be ninety days net with a line of credit to be adjusted by seller's creditman, construed — complaint in action by purchaser for failure of seller to deliver — failure to allege offer of cash or adjustment of line of credit — essential allegations of complaint in action upon ambiguous contract of sale.

Upon a motion by a defendant for judgment on the pleadings, consisting of a complaint and the answer thereto, the answer can have no bearing.

A complaint, in an action by a purchaser of goods, which alleges that the terms of the sale were to be ninety days net with a line of credit to be

adjusted by the creditman of the defendant, in which the delivery of the goods is demanded under the terms of the contract, is insufficient without an offer for cash for the goods, where there is a failure to allege that the line of credit had been adjusted, or that requests had been made to have the same adjusted and had been refused.

The vendor, if his creditman had doubt as to the credit of the vendee, had the right under the aforesaid memorandum of sale to require such security as might be deemed safe or to require payment in cash, and the terms ninety days net will be deemed qualified by this right reserved in the creditman to approve of such terms or to make other terms.

If the aforesaid interpretation of the contract of sale as to the adjustment of the line of credit is not justified, then said provision is ambiguous and the plaintiff cannot recover upon showing a contract, the terms of which are ambiguous, without alleging what was the intended contract between the parties and a breach thereof.

DOWLING, J., dissented.

APPEAL by the defendant, K. Wilbur Dolson Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of January, 1919, denying defendant's motion for judgment on the pleadings, consisting of a complaint and the answer thereto.

*Irving S. Ottenberg* of counsel [*Cooke & Marvin*, attorneys], for the appellant.

*Henry Waldman* of counsel [*Joseph C. Kadane*, attorney], for the respondent.

SMITH, J.:

This motion challenges the sufficiency of plaintiff's complaint. It is alleged in the complaint that the defendant sold to the plaintiff certain goods, wares and merchandise " on certain terms and conditions as to price, quantity, quality, time of delivery and time of payment; that a duplicate copy of said memorandum of sale was executed by the defendant and delivered by said defendant to the plaintiff and that the other duplicate of said memorandum of sale was executed by the plaintiff and delivered by said plaintiff to the defendant; that a copy of the said memorandum of sale which was executed by the defendant is hereto annexed, marked Exhibit ' A ' and made part of this complaint with the same force and effect as though fully set forth herein." It further

alleges that no part of said goods has been furnished except fifty pounds two ounces of spool silk; that the time for the delivery of the balance of the goods, wares and merchandise has long since elapsed and that the delivery of the balance had been duly demanded and that the plaintiff " has duly offered to receive and accept same and to pay for same in accordance with the terms and conditions of the agreement, Exhibit .' A,' but the defendant * * * has failed and refused and now refuses to deliver the balance of the said goods." The complaint further alleges that the plaintiff has been at all times ready, able and willing to receive said goods and to pay for same in accordance with the terms and conditions of this agreement and plaintiff has duly and fully performed all of the terms and conditions of the agreement on its part to be performed, except so far as it has been prevented from so doing by the wrongful act or acts of the defendant. Judgment is then demanded for $3,084.

The memorandum of sale which is annexed notes the sale of about 1,000 pounds of silk yarn, the terms being stated as follows: " 90 Days Net (Line of credit to be adjusted by Mr. Kay)."

While upon this motion the answer of the defendant can have no bearing, nevertheless, the point of difference between these parties is emphasized by the separate defense alleged. That defense reads as follows: " Defendant alleges that on or about the 10th day of November, 1917, plaintiff requested the sale to it by defendant of one thousand pounds of silk yarn of the kind described in the sale memorandum, copy of which is attached to the complaint as Exhibit A, and that defendant verbally agreed to sell said silk to it on terms as to credit to be adjusted between the parties after an investigation of plaintiff's financial responsibility. That pursuant to this understanding defendant signed and mailed to plaintiff a duplicate sale memorandum in the form attached to the complaint as Exhibit A containing among other terms the provision that the plaintiff's line of credit was to be adjusted, and asking a return of the duplicate memorandum signed by plaintiff. That plaintiff has never returned said duplicate signed nor has it ever made any attempt to adjust its line of credit, although up to January 22d, 1918, defendant

had repeatedly asked it to do so.  *  *  *  That on January 22d, 1918, defendant stated to the plaintiff in writing that if it did not either fulfill the contract by adjusting its line of credit with defendant or agree to pay cash for the goods before their delivery it would consider the offer cancelled. That no reply to this letter or communication of any kind was received from the plaintiff until in June, 1918, when the market price of the merchandise in question had advanced over $1.50 per pound.  That thereupon plaintiff demanded of the defendant the goods mentioned in the memorandum of sale on ninety days credit."

A complaint which is immune from attack must state facts sufficient to constitute a cause of action.  The memorandum of sale attached to the complaint as Exhibit A specifically provides that the line of credit was to be adjusted by Mr. Kay.   Mr. Kay was unquestionably the creditman of the defendant.  This provision is not an unusual provision to attach to memoranda of sales executed by the sales agents.  It has, I think, a well-defined meaning to the effect that if this creditman of the vendor has doubt of the credit of the vendee, the vendor would have the right, under the memorandum of sale, to require such security as might be deemed safe or to require payment in cash, and the terms "90 Days Net," are deemed qualified by this right reserved in the creditman of the vendor to approve of such terms or to make other terms as might be deemed necessary to the vendor.   There is no allegation in the complaint that the line of credit had at any time been adjusted by Mr. Kay, nor that there had been any request that the line of credit be so adjusted, and the only demand for the goods that is pleaded is the demand for the goods under the terms of the contract.  It is undoubtedly true that the plaintiff might within a reasonable time have offered cash for the goods and compelled their delivery.  Without the offering of the cash, however, the cause of action is incomplete, because of the failure to allege that the line of credit had been adjusted, or that request had been made to have the same adjusted, which request had been refused.

Even if my interpretation of this clause in the contract as to the adjustment of the line of credit be not justified,

then the contract as to this phrase is ambiguous. The plaintiff cannot recover upon showing a contract, the terms of which are ambiguous, without alleging what was the intended contract between the parties, and a breach of that contract. The allegation in the complaint that the plaintiff had performed all conditions which under the contract it was required to perform, does not. meet the plaintiff's difficulty. It was not by the contract required to perform any conditions prior to the adjustment of the line of credit which has never been made, and it clearly cannot be construed to be deemed a request for the adjudgment of that line of credit which was refused.

In my judgment the complaint does not state a cause of action and the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint upon payment of said costs.

CLARKE, P. J., PAGE and SHEARN, JJ., concurred; DOWLING, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint upon payment of said costs.