JOHN P. BOIARDI, Respondent, *v.* MARDEN, ORTH & HASTINGS CORPORATION, Appellant.

First Department, December 17, 1920.

Pleadings — complaint stating cause in equity only — demurrer — complaint not stating suit in equity for accounting or entitling plaintiff to cancellation of contract — mere reference to contract insufficient — facts establishing action at law.

Where a complaint is framed in equity and equitable relief only is demanded, a demurrer interposed for insufficiency will be sustained, if the facts pleaded do not show that the plaintiff is entitled to equitable relief, even though the court may spell out a cause of action at law.

Complaint in a suit in equity examined, and *held*, not to show any grounds for equitable relief by way of an accounting, there being no fiduciary relation between the parties nor other facts alleged giving a court of equity jurisdiction.

A claim for damages for breach of a contract cannot sustain a suit in equity for an accounting.

The mere reference to a contract in a pleading does not make the contract a part thereof unless a copy be annexed.

Where the cancellation of a contract would merely restore a former contract which it modified, and the defendant's liability on the original contract can only be determined in an action at law for a breach thereof, a suit in equity to cancel the second contract does not lie and a demurrer to the complaint will be sustained.

DOWLING, J., dissents, with opinion.

APPEAL by the defendant, Marden, Orth & Hastings Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1920, overruling the defendant's demurrer to the complaint.

*Edward N. Perkins* of counsel [*James Adikes* with him on the brief], *Rhinelander, Seymour & Barnard,* attorneys, for the appellant.

*Neil P. Cullom* of counsel [*Cullom & Rinke,* attorneys], for the respondent.

PAGE, J.:

The defendant is the successor to the Marden, Orth & Hastings Co., Inc., with which the transactions set forth in the complaint were had; for convenience of statement the latter will be referred to as the defendant.

The complaint contains three alleged causes of action. *First,* that the plaintiff and defendant entered into an agreement on or about February 24, 1916, a copy of which is annexed to the complaint and made a part thereof; that on or about February 19, 1916, the plaintiff and defendant entered into an agreement, the terms, tenor or effect of which is not stated nor is a copy annexed. Nevertheless the complaint states that it " is hereby referred to and made a part hereof as fully as if herein set forth in full." The agreement of February twenty-fourth recites that the parties had entered into an agreement on February nineteenth, based on figures furnished by the plaintiff, which did not take into consideration the payroll of $1,400 to be paid that day at the Bayard Chemical Company's plant, and which showed cash on hand of about $2,500; and modifies the agreement of February nineteenth to the extent that the last of the four equal monthly installments of $5,000 each shall be $1,100 instead of $5,000, all the rest of the agreement to be enforced as though the agreement of the twenty-fourth had not been made. In consideration of this agreement the defendant was to pay the balance of the $7,441.54 not paid by its check of $2,500 on February nineteenth, being $4,941.54. The complaint then continues: That it was not the intention of plaintiff by said agreement of the twenty-fourth to remit to the defendant without consideration $3,900 and plaintiff entered into said agreement under a mistake of fact, to wit, that $2,500 had not been transmitted to Bayard Chemical Company, that a payroll of about $1,400 was due by him and that he was

under an obligation to credit defendant with the sum of $3,900, which said mistake occurred through accident and through no fault on part of the plaintiff and solely because of representations to plaintiff by defendant that the sum of $3,900 was due from plaintiff; that upon the discovery of the mistake plaintiff promptly notified defendant and demanded payment of $3,900, no part of which has been paid, and that there is due and owing to plaintiff from defendant the sum of $3,900.

The second cause of action realleges the allegations of the first cause of action with reference to the making of the two contracts, and states: That the agreement of February 24, 1916, was obtained from the plaintiff by the defendant by the fraud, deceit and misrepresentation of the defendant in that it represented that the sum of $2,500 had not been received by the Bayard Chemical Company and that a payroll of $1,400 was due and payable at the plant of the said chemical company and that the sum of $3,900 was a liability of plaintiff and that if plaintiff would sign the agreement of February 24, 1916, the defendant would duly and promptly perform the terms of the agreement of February 19, 1916; that on February 24, 1916, the books of account, records, check book and all other data concerning the aforesaid transactions were in the possession of defendant and its attorney, having been theretofore delivered to it by the plaintiff; that plaintiff was ignorant of the facts, figures and details of said transactions at the time; that plaintiff acted without legal counsel or advice and relied upon the defendant for a true and correct statement of the facts; that in reliance upon said facts plaintiff was induced to sign the agreement of February 24, 1916; that each and every one of said representations were false and were known by the defendant to be false and were made with intent to defraud, cheat and deceive plaintiff; that the sum of $2,500 had been received by the Bayard Chemical Company; that plaintiff was under no obligation whatsoever to pay the payroll in the sum of $1,400; that the defendant failed and refused to perform the terms of the agreement of February 19, 1916, upon its part to be performed.

The third cause of action alleges that the agreement of February 24, 1916, was wholly without consideration and

void, and that the defendant failed to perform the conditions of said agreement. Judgment is demanded (1) that the agreement of February 24, 1916, be adjudged fraudulent, of no effect, and void and be delivered up to be canceled; (2) that an accounting be had as to the transactions between the plaintiff and defendant and that on such accounting defendant be decreed to pay plaintiff the sum of $3,900 with interest from February 24, 1916; (3) for such other and further relief as to the court may seem just and proper.

The complaint is framed in equity and equitable relief only is demanded; therefore, if the facts pleaded do not show that the plaintiff is entitled to equitable relief the demurrer interposed for insufficiency should be sustained, even though the court might spell out a cause of action at law. (*Gosselin Corp.* v. *Mario Tapparelli fu Pietro, Inc.*, 191 App. Div. 580, 584; affd., 229 N. Y. 596.)

The facts stated do not show any grounds for equitable relief by way of an accounting. If under the agreement of February 19, 1916, the defendant was liable for the payment of $3,900, and the agreement of February 24, 1916, so modified the agreement that the defendant was, to that extent, relieved of liability, annulling the agreement of February twenty-fourth would merely have the effect of restoring the obligations of the agreement of February nineteenth, and the defendant would be liable to pay $3,900 as damages for breach of that contract. There was no fiduciary relation between the parties, nor any other fact alleged, giving a court of equity jurisdiction. It is well settled that a claim for damages for breach of a contract cannot sustain a suit in equity for an accounting.

The court could not give judgment in this action for the $3,900, for the reason that the facts with respect to the agreement of February 19, 1916, are not stated. The mere reference to a contract in a pleading does not make the contract a part of the pleading unless a copy thereof is annexed. The court is not informed in any way as to the subject-matter, terms or conditions of the contract. All that is disclosed by the pleadings is that a contract was made upon that date between these parties, based upon some figures furnished by the plaintiff which the defendant claimed were erroneous because they

showed certain cash on hand which defendant claimed was not on hand, and did not take into consideration a payroll which became due on February twenty-fourth, for which defendant claimed plaintiff was liable; and by reason of these alleged errors the agreement of February 19, 1916, was " modified to the extent that the last payment of four equal monthly installments of Five Thousand Dollars ($5,000.00) each, shall be for Eleven Hundred Dollars ($1,100.00) instead of Five Thousand Dollars ($5,000.00)." Other than these statements the complaint is barren of any facts with respect to the agreement of February nineteenth. Therefore, it does not appear that the last payment is due; nor that the plaintiff performed the conditions on his part, so that if due, the plaintiff is in position to demand payment.

The only relief that could be granted, therefore, under the allegations of the complaint, if we concede, which we do not determine, that the complaint states facts sufficient for such relief, would be a cancellation of the agreement of February twenty-fourth, the effect of which would be to restore the agreement of February nineteenth to its original form. Defendant's liability would then have to be determined in an action at law for a breach of the latter agreement. However it may be in other jurisdictions, in this State such an action in equity cannot be maintained. As was said in McHenry v. Hazard (45 N. Y. 580, 587): " It was a prominent motive, in constituting a single court having jurisdiction in law and equity, to remedy the inconvenience which existed when legal and equitable remedies were administered by separate tribunals, of obliging parties to resort to two courts to determine rights connected with a single transaction. The provisions of the Code allowing causes of action, legal and equitable, growing out of the same transaction, to be united in a single suit, and legal and equitable defenses to be interposed in the same answer, and authorizing affirmative relief to be granted to a defendant, were designed to prevent unnecessary litigation, and to enable parties to bring into one suit all the elements of the controversy for the purpose of a complete and final adjudication." The plaintiff's remedy must be eventually to recover the payment alleged to be due as the final payment under the agreement of February 19, 1916. In that action

if the defendant sets up the contract of February 24, 1916, as a release from the claim of $3,900, that issue can be determined in that one action. If a reply is ordered and motion made therefor the issues as to mistake and fraud alleged can be separately tried, or the entire issue can be submitted to the jury. (*Gordon* v. *Maas*, 115 App. Div. 377; affd., 190 N. Y. 539; *Dixon* v. *Brooklyn City & Newtown R. R. Co.*, 100 id. 170, 179.) On the other hand, if this is a completed transaction, and by reason of the defendant's fraud and deceit the plaintiff sustained damages, he has an adequate remedy at law.

In the case under consideration the most plaintiff could accomplish would be to set aside the modification of the contract of February 19, 1916. Under the facts pleaded he could not recover judgment for $3,900, but would still have to resort to his action at law on the original contract. The demurrer to the complaint should have been sustained.

The order will, therefore, be reversed, with ten dollars costs and disbursements to the appellant, and the demurrer sustained and complaint dismissed, with ten dollars costs and costs before notice of trial. (*Taishoff* v. *Elkema*, 171 App. Div. 288, 295.)

CLARKE, P. J., LAUGHLIN and SMITH, JJ., concur; DOWLING, J., dissents.

DOWLING, J. (dissenting):

The complaint herein sets forth three causes of action. The defendant has demurred upon the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action.

The allegations contained in all three causes of action set forth that defendant is a domestic corporation, which on August 18, 1917, succeeded to all the rights and assumed for value all the liabilities of a prior foreign corporation and at the same time defendant promised to pay all the debts of said prior corporation; and that in February, 1916, Mountford S. Orth was president of the defendant's predecessor and as such conducted the negotiations with plaintiff; that on February 19, 1916, plaintiff and defendant's predecessor

entered into an agreement, " which is hereby referred to and made a part hereof as fully as if herein set forth in full," but which forms no part of this record. It is further alleged that on February 24, 1916, plaintiff and defendant's predecessor entered into an agreement, a copy of which is annexed to the complaint. This agreement bears date February 24, 1916, and is made between plaintiff and defendant's predecessor. It recites that:

" Whereas an Agreement entered into by the parties hereto on the 19th day of February, 1916, was based on some figures furnished by the party of the first part, which did not take into consideration the payroll of about Fourteen Hundred Dollars ($1,400.00) to be paid this day at the Bayard Chemical Company's plant at Woodbridge, N. J., and which showed cash on hand of about Twenty Five Hundred Dollars ($2,500.00), Now, therefore, it is agreed:

" That the Agreement of February 19th, 1916, above referred to, is modified to the extent that the last payment of four equal monthly installments of Five Thousand Dollars ($5,000.00) each, shall be for Eleven Hundred Dollars ($1,100.00) instead of Five Thousand Dollars ($5,000.00). All the rest of the Agreement to be enforced as though this present Agreement had not been made.

" In consideration of this Agreement by the party of the first part, the party of the second part is paying herewith the balance of the Seven Thousand Four Hundred and Forty-one Dollars and Fifty-four cents ($7,441.54) not paid by its check of Twenty Five Hundred Dollars ($2500.00) on February 19th, being Four Thousand Nine Hundred Forty-one Dollars and Fifty-four cents ($4,941.54).

" *In witness whereof* the party of the first part has hereunto set his hand and seal and the party of the second part has caused these presents to be signed in its corporate name by M. S. Orth, its president, duly authorized so to do by its Board of Directors, this day and year first above written.

" JOHN P. BOIARDI.

MARDEN, ORTH &amp;

HASTINGS CO.,

" M. S. ORTH,

" *President.*"

" Witnessed
  " by P. FRIDENBERG.

The first cause of action further sets forth:

" *Fifth*. That it was not the intention of plaintiff by said agreement of February 24th, 1916, to remit to said Marden, Orth & Hastings Co. Inc., without consideration $3,900, and plaintiff entered into said agreement under a mistake of fact, to wit, that $2,500 had not been transmitted to Bayard Chemical Company, that a payroll of about $1,400 was due by him and that he was under an obligation to credit Marden, Orth & Hastings Co. Inc., with the sum of $3,900, which said mistake of fact occurred through accident and through no fault on the part of plaintiff and solely because of representations to plaintiff by said Marden, Orth & Hastings Co. Inc., that the said sum of $3,900 was due from plaintiff.

" *Sixth*. That upon the discovery of the mistake aforesaid, plaintiff promptly notified Marden, Orth & Hastings Co. Inc. thereof and demanded said sum of thirty-nine hundred ($3900) dollars, but no part thereof has been paid, and there is now due and owing to plaintiff from said Marden, Orth & Hastings Co. Inc. the said sum of thirty-nine hundred ($3900) dollars."

The prayer for relief follows the statement of the three causes of action and is as follows:

" (1) That said agreement of February 24th, 1916, be adjudged fraudulent, of no effect and void and that it be delivered up to be cancelled.

" (2) That an accounting be had as to the transactions between plaintiff and defendant and that on such accounting defendant be decreed to pay to plaintiff the sum of thirty-nine hundred ($3900) dollars with interest thereon from February 24th, 1916.

" (3) That plaintiff have such other and further relief as to the court may seem just and proper, together with the costs and expenses of this action."

I am of opinion that although this cause of action is very unsatisfactorily stated, yet by a liberal construction of the pleading, it may be upheld. This is upon the theory that it is intended to state a cause of action in equity, arising from mistake of fact upon the part of plaintiff, and misrepresentation of fact innocently made upon the part of defendant's predecessor, constituting legal fraud. The first element is sufficiently pleaded, that plaintiff entered into the agreement

under a mistake of fact. The second element, I think, may be held to be the fair meaning of the allegation that the mistake occurred through accident, through no fault upon the part of plaintiff and solely because of representations made to plaintiff by defendant's predecessor. This excludes any theory of actual fraud since it is not charged that the false representations were made with intent to deceive, or that defendant's predecessor knew them to be false. I think this cause of action, therefore, should be held good, as one cognizable solely in equity and from which no relief could be had at law. (*Leary* v. *Geller*, 224 N. Y. 56; *Bloomquist* v. *Farson*, 222 id. 375; *Canadian Agency, Ltd.,* v. *Assets Realization Co., No. 1,* 165 App. Div. 96.)

The second cause of action contains further allegations that the agreement of February 24, 1916, was obtained from plaintiff by defendant's predecessor by fraud, deceit and misrepresentation, setting forth the specified misrepresentations; that all data concerning the transactions as to which the misrepresentations were made were in the possession of defendant's predecessor upon which plaintiff relied and so relying executed said agreement; that the representations were all false and were known to be false when made by defendant's predecessor which made them with intent to defraud, cheat and deceive plaintiff, and that the instrument was obtained through fraud and deceit.

It may well be that the allegations of the complaint set forth two good causes of action at law, each to recover the sum of $3,900. The recitals of the agreement of February twenty-fourth sufficiently show that a last payment of $5,000 required to be made by the agreement of February nineteenth had been mistakenly reduced to $1,100 by reason of defendant's acts, thus showing the damage claimed. Yet even if the averments do set forth two distinct causes of action at law, they also set forth causes of action in equity to procure the cancellation of an instrument under seal, which on its face constitutes a bar to plaintiff's right to recover the full amount due him under the agreement of February 19, 1916, and he should not be relegated to his right to interpose a defense to the agreement of modification when pleaded as an answer to his complaint based on the original agreement. (*Ritzwoller* v.

*Lurie,* 225 N. Y. 464.) Nor does the fact that plaintiff demands a judgment to which he ·is not entitled (for an accounting as to which no sufficient facts are pleaded) destroy his right to the judgment which he also demands and for the cancellation of the second agreement.

The third cause of action sets forth that the agreement in question was without consideration, and that defendant's predecessor breached it and failed to perform its part thereof. I am of opinion that no cause of action is therein stated.

As, however, the demurrer is to the complaint as an entirety and in my opinion the first and second causes of action are good and proof against demurrer, the order appealed from should be affirmed, with ten dollars costs and disbursements.

Order reversed, with ten dollars costs and disbursements, motion denied, demurrer sustained and complaint dismissed, with ten dollars costs and costs before notice of trial.