MAMIE BRODSKY, Appellant, *v.* WILLY RIESER, Respondent.

First Department, March 4, 1921.

**Assault — complaint rendered insufficient by failure to allege intention and willfulness — motion by defendant for judgment on pleadings — denials in answer ignored — complaint treated as on demurrer.**

In an action to recover damages for assault alleged to have been committed by the driver of an automobile by the starting of the car by him while the plaintiff was attempting to detain him after he had run over her son, her neglect in failing to allege that defendant's act was either intentionally or willfully or knowingly done renders the complaint insufficient.

On a motion by the defendant for judgment on the pleadings denials in the answer must be ignored and the complaint tested as on a demurrer.

APPEAL by the plaintiff, Mamie Brodsky, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 28th day of November, 1919, granting the defendant's motion for judgment upon the pleadings and dismissing the complaint.

*Edward C. Weinrib* of counsel [*Shaine & Weinrib,* attorneys], for the appellant.

*Edgar M. Troutfelt* of counsel [*Bennett, Werner, Troutfelt & Grenthal,* attorneys], for the respondent.

PAGE, J.:

The complaint alleges that the defendant ran into the plaintiff's son with his automobile and continues:

" *Third.* That after the aforesaid occurrence the plaintiff endeavored to detain the defendant until the arrival of the police authorities, and that the defendant in attempting to leave the scene of the said accident, contrary to and in violation of Section 290, subdivision 3, of the Highway Law,* put his machine in motion, dragging the plaintiff for a considerable distance and thereby committed an assault upon her, causing her to become sick, sore, lame and disabled, and to suffer physical pain and mental anguish, all to her damage in the sum of Ten thousand ($10,000) Dollars."

The defendant answered denying the material allegations of the complaint and moved for judgment on the pleadings. On such a motion the denials in the answer must be ignored and the complaint tested as on a demurrer. If the defendant intentionally started his car with knowledge that the plaintiff had hold of it, he was guilty of an assault; if unintentionally, he was chargeable with negligence.

The plaintiff has sought to allege the cause of action for an assault, but she has neglected to allege that the act was either intentionally or knowingly or willfully done. Hence the complaint is insufficient. The plaintiff may have a cause of action against the defendant, but it is insufficiently alleged. The court should have granted the plaintiff leave to amend.

---

* Added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 769.— [REP.

Therefore, the order will be modified by permitting the plaintiff to serve an amended complaint within twenty days after the service of the order to be entered hereon with notice of entry thereof on payment of ten dollars costs of motion at Special Term, and as modified the order will be affirmed, without costs.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; SMITH, J., concurs in result.

Order modified by providing that plaintiff have leave to serve amended complaint on payment of ten dollars costs of motion at Special Term, and as so modified affirmed, without costs.