RALPH W. BOOTH, JR., Respondent, v. NEW PROCESS CORK COMPANY, Appellant.

Second Department, April 15, 1921.

Principal and agent — action for commissions on sale of goods — contract for payment when goods paid for — commissions due when goods paid for except where non-payment due to principal's fault — complaint insufficient which does not allege that goods were paid for or that failure to pay was due to defendant's fault.

Where a principal and agent expressly agree that commissions on the sale of goods are not to become due "until the goods are paid for by the customers," the agent cannot disregard this express stipulation in asserting his rights under the contract, for it is a condition precedent to his right to recover, and he must either allege performance, or if it has not been performed through the fault of the principal he must allege that fact.

Complaint in an action to recover commissions under such a contract is insufficient where it is not alleged that the goods were paid for as provided in the contract or if they were not paid for that failure to do so was due to the fault, omission or unlawful, unreasonable or arbitrary act of the defendant; such facts should have been pleaded as an essential part of plaintiff's cause of action.

APPEAL by the defendant, New Process Cork Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 15th day of February, 1921, denying defendant's motion for judgment on the pleadings consisting of a complaint and answer.

*David Paine,* for the appellant.

*Alfred T. Tompkins* [*J. Arthur Hilton* with him on the brief], for the respondent.

KELLY, J.:

The plaintiff brought this action to recover commissions which he claims are due him under a written contract which is attached to and made part of the complaint. By this contract the plaintiff was employed as a salesman for defendant's products in a specified territory, and defendant agreed to pay him a commission on orders obtained by him. It is expressly provided in the agreement: " It is further agreed that commissions are not to become due Booth until the goods are paid for by the customers." The complaint alleges that plaintiff continued in employment until October 29, 1918, and that he duly performed all the covenants and conditions of employment on his part to be performed. It is further alleged that between August 1, 1914, and October 29, 1918, " the defendant received and accepted orders " for its products, which were taken by the plaintiff or which were orders upon which he was entitled to commissions under the contract, the aggregate amount of which entitled plaintiff to commissions in the sum of $5,803.95. The complaint goes on to allege, what is really a conclusion of law, that upon the receipt and acceptance of the orders, it became the duty of the defendant to fill the said orders and to deliver the merchandise covered by them to the purchasers thereunder and

to demand and obtain payment for the said merchandise, except in such cases where the purchaser was insolvent, and to pay the plaintiff such commission as he was entitled to. In paragraph 9 of the complaint the plaintiff alleges: " On information and belief, the defendant neglected and refused to perform in whole or in part those duties alleged in paragraph Eighth of this complaint, owed by it to the plaintiff, and by reason of such failure to perform the duties aforesaid in whole or in part the plaintiff has been damaged in the sum of Five thousand eight hundred and three and 95/100 ($5,803.95) dollars, which has not been paid, although the same has been demanded."

The answer admits the making of the contract and that plaintiff was in defendant's employ for the period alleged, but denies the other allegations in the complaint.

There is no allegation in the complaint that the defendant received payment for the goods mentioned from the customers, nor is there any allegation of fact as to how the defendant has violated or refused to perform the agreement, save the averment that defendant has in some way neglected and refused to perform the duty which plaintiff asserts was imposed upon it. But this is merely the plaintiff's conclusion. There is no charge that defendant has acted arbitrarily or unlawfully or in fraud of plaintiff's rights.

It is undoubtedly the law, as claimed by the learned counsel for the plaintiff, that where an agent procures orders for his principal upon the principal's agreement to pay a commission therefor, the agent is entitled to his commission even though the principal does not ship the orders. Nor can the principal defeat the agent's claim for commission by any arrangement or agreement with the purchaser to which the agent is not a party. Unless it is otherwise stipulated, the agent does not assume the risk of performance. Where a commission is not to be paid until the transaction is closed, such agreement does not discharge the principal from the obligation to close in a reasonable time, and where an agent stipulates that his commissions shall be paid out of the proceeds of the transaction the principal cannot defeat recovery by failure on his part to perform his own obligations. (*Fuller* v. *Bradley Contracting Co.,* 183 App. Div. 6, 20;

affd.; 229 N. Y. 605.) But where the principal and agent, as in the case at bar, have expressly agreed that the commissions are not to become due " until the goods are paid for by the customers," the agent cannot disregard this express stipulation in asserting his claim under the contract. It is a condition precedent to his right to recover. He must either allege performance, or if it has not been performed through the fault of the principal he must allege the fact. " The contract requires good faith and reasonable diligence on the part of the defendants in executing the orders and in making the collections, but it evidently contemplates that without fault on their part some orders will prove unproductive. In such case the plaintiff would not be entitled to commissions." (*Stone* v. *Argersinger,* 32 App. Div. 208; *Friede* v. *White Co.,* 244 Fed. Rep. 272.) So in the case at bar, if the customers have paid for the goods as provided in the contract the fact should be alleged, if they have not paid for the goods due to any fault, omission or unlawful, unreasonable or arbitrary act of the defendant, the fact should be pleaded as an essential part of plaintiff's cause of action.

The order should be reversed, with ten dollars costs and disbursements, and defendant's motion for judgment upon the pleadings granted, with ten dollars costs, but with leave to plaintiff to serve an amended complaint upon payment of costs.

MILLS, PUTNAM and BLACKMAR, JJ., concur; JENKS, P. J., not voting.

Order reversed, with ten dollars costs and disbursements, and defendant's motion for judgment on the pleadings granted, with ten dollars costs, but with leave to plaintiff to serve an amended complaint upon payment of costs.