Ruth Fox, as Administratrix, etc., of Abraham B. Fox, Deceased, Respondent, *v.* I. Stern Dental Supply Company, Inc., Appellant.

First Department, January 25, 1924.

**Pleadings — action on contract to recover commissions earned by plaintiff's intestate — complaint states conclusions merely and is insufficient — complaint dismissed under Rules of Civil Practice, rule 106.**

The complaint in an action to recover commissions alleged to have been earned by plaintiff's intestate should be dismissed under rule 106 of the Rules of Civil Practice, on the ground that it does not contain facts sufficient to constitute a cause of action, where it does not set forth the contract sued on nor allege the provision of the contract upon which any sum is claimed to be due, but alleges merely the existence of a contract and the failure of the defendant to perform the conditions thereof and to pay the deceased the amount due thereunder; the complaint states conclusions merely and is, therefore, insufficient.

Appeal by the defendant, I. Stern Dental Supply Company, Inc., from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 15th day of August, 1922, denying the defendant's motion that the complaint be dismissed upon the ground that it does not state facts sufficient to constitute a cause of action or, in the alternative, that it be made more definite and certain.

*Rosenthal & Heermance* [*S. Michael Cohen* of counsel], for the appellant.

*Mortimer J. Wohl* of counsel, for the respondent.

McAvoy, J.:

Objection was made to the complaint under rule 106 of the Rules of Civil Practice that it did not contain facts sufficient to constitute a cause of action. In the alternative to dismissal, defendant requested the relief that the complaint be made more definite and certain under rule 102 of the Rules of Civil Practice. The court at Special Term declined to dismiss the complaint or direct that it be made more definite and certain.

The action arises out of a contract which contains the following clause:

" *Sixth.* In the event that the party of the second part shall remain in the employ of the party of the first part during the full five-year term of this agreement, the party of the first part agrees to pay him an additional one (1%) per cent. of the aggregate amount of business during the said five (5) years upon which the two (2%) per cent. commission is payable under paragraph 'fourth' hereof."

It is admitted by both parties that it is under this clause that the complaint claims the compensation sought. All other compensation due the deceased having been paid, the question which plaintiff and defendant must litigate is whether or not the death of plaintiff's decedent terminated any right of his representative to recover under this paragraph of the contract. The complaint does not set forth the contract nor the provision of the contract upon which any sum is claimed to be due, but alleges merely that there was a written contract with defendant, the terms of which the deceased was engaged in carrying out up to the time of his death, and then alleges that " defendant  *  *  *  failed to carry out and perform the conditions set forth in the said contract in that it failed to and has refused to pay the said deceased or his administratrix certain sums of money due the said deceased as compensation for his said services rendered to the defendant, in accordance with the terms made by the defendant to compensate the said deceased under the terms of the said contract; " and that by reason of the amount of business deceased had accomplished for the defendant and under the terms of the said contract had earned, there was due him, up to the day of his death, the sum of money which is demanded.

Obviously there is nothing here but conclusory statements of what the contract provides. The allegation that certain sums of money due the deceased as compensation for services rendered to the defendant have not been paid is not predicated upon any obligation which is declared. While it is unnecessary to set forth the contract in full, or to annex it to the complaint, the provision of the contract upon which compensation is claimed to have been earned, or its terms in substance, must be set out to make a logical premise for the conclusion that anything is due. The complaint does not state a cause of action and should have been dismissed.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint for insufficiency granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days upon the payment of said costs.

Clarke, P. J., Dowling, Finch and Martin, JJ., concur

Order reversed, with ten dollars costs and disbursements, and motion for judgment dismissing the complaint granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days from service of order upon payment of said costs.