Du Pont Auto. Distributors, Inc., *v.* Du Pont M., Inc.    **313**

App. Div. 313]          First Department, June, 1925.

Du Pont Automobile Distributors, Inc., Respondent, *v.* Du Pont Motors, Inc., Appellant.

First Department, June 12, 1925.

Contracts — action for breach — complaint is insufficient in that it does not set out copy of contract or alleged terms, period of duration or breach thereof — answer cannot be considered on motion to dismiss complaint for insufficiency — answer will not cure defective complaint — defendant not limited to bill of particulars or examination of plaintiff before trial — complaint insufficient also because of failure to allege that plaintiff is assignee of contract.

The complaint in this action to recover damages for breach of an alleged contract is insufficient to state a cause of action, since it appears that a copy of the contract was not set forth in the complaint or annexed thereto; that the complaint does not allege the terms of the contract but merely the conclusion that a contract was made; and that there is no allegation of the period of duration of the contract or a breach thereof.

On a motion to dismiss the complaint for insufficiency, the court will not consider the allegations contained in the answer. The allegations in the answer will not be permitted to cure the defective complaint.

The contention by the plaintiff that the defendant should either have demanded a bill of particulars or moved to examine the plaintiff before trial is without merit, for the defendant is not under any obligation to adopt such a course and, furthermore, the defendant would not have the right to examine the plaintiff in relation to the affirmative allegations of the complaint, and a bill of particulars is not for the purpose of enlarging the complaint, but for the purpose of limiting it.

The complaint is insufficient also, since it appears therefrom that the plaintiff, itself, did not make the alleged contract, but that the contract was made by third persons, and there is no allegation that the contract was assigned to the plaintiff or that the plaintiff assumed the same.

Appeal by the defendant, Du Pont Motors, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of May, 1925, denying defendant's motion for judgment on the pleadings, dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Henry Woog* [*William H. Button* with him on the brief], for the appellant.

*Hartman, Sheridan & Tekulsky* [*Charles A. Winter* of counsel], for the respondent.

Merrell, J.:

The defendant answered the amended complaint, setting forth two counterclaims. I think the court erred in refusing to set aside the complaint for insufficiency. It is evident from a reading

314   Du Pont Auto. Distributors, Inc., *v.* Du Pont M., Inc.

First Department, June, 1925.                    [Vol. 213

of the complaint in question that the plaintiff is suing for breach of contract, but just what that contract is the complaint fails to state. The allegation of the complaint is: "That heretofore and on or about the 1st day of February, 1922, the plaintiff and defendant entered into an agreement in writing whereby, among other conditions, it was agreed that the plaintiff was to act as distributor of and for the defendant in the purchasing and selling of automobiles and parts in such places or territories and in such amounts as more specifically appears in the said agreement."

A copy of the agreement is not contained in nor annexed to the complaint, nor do its terms anywhere appear. It nowhere appears in the complaint where the defendant is to act in the purchasing and selling of automobiles and parts or for how long a period. In the 4th paragraph of the complaint the plaintiff alleges that the plaintiff was incorporated by three individuals, namely, Harold W. Dolman, Leonard F. Liebermann and Seymour Glantz, who are alleged to be "the same parties mentioned in the contract and with whom the defendant made said contract," and that in and by virtue of said contract the corporation to be formed by said individuals was to be known as the New York Du Pont Motor Sales Company; that upon application to incorporate under that name a certificate of incorporation was refused because of the similarity of other Du Pont corporations, and that by reason of such refusal the said individuals incorporated in the name of Du Pont Automobile Distributors, Inc., and continued to do business with the defendant under the aforementioned contract. The complaint further alleges that subsequent to the making of the contract "hereinbefore alleged" it was mutually agreed between the parties thereto that said agreement should be and was modified in respect to the change in prices of the automobiles to be manufactured and furnished by the defendant to the plaintiff, the modification as to prices being set forth in the complaint. In the 8th paragraph of the complaint the plaintiff alleges that the defendant, under and pursuant to the said contract and the modification thereof, obligated itself, among other conditions, "for the period mentioned in the said contract," to manufacture and deliver to the plaintiff a certain amount of automobiles "as therein mentioned in certain territory as set forth in said contract" in which territory the plaintiff was granted the right as distributors to sell the automobiles manufactured by the defendant "for the term therein mentioned in the said contract," and that without cause or justification the defendant, on or about the 2d day of August, 1922, refused to perform the conditions of the contract and the modification thereof on its part obligated to be performed, to plaintiff's damage, which

Du Pont Auto. Distributors, Inc., *v.* Du Pont M., Inc.   **315**

App. Div. 313]          First Department, June, 1925.

the plaintiff places at $100,000, and for which judgment is demanded against the defendant.

Not only is the complaint deficient in failing to set forth either the terms of the contract or a copy thereof, but it also fails to allege any breach of such contract. The court at Special Term in denying defendant's motion evidently relied upon the fact that an answer had been interposed by the defendant and that two counterclaims were therein set up based upon the contract in suit. I think the court was incorrect not only as to the law applicable to the case but as to the fact of counterclaims being set up by the defendant in its answer applicable to the *same* contract attempted to be alleged in the complaint. The answer denies the making of any contract as set forth in the complaint. Nowhere in the complaint are any facts set forth showing any obligation on the part of the defendant or any breach of any obligation of the defendant. As before stated, the allegation of the complaint is that the plaintiff entered into a written agreement with the defendant, the terms of which are not set forth. The written agreement is not attached to nor is it incorporated in the complaint by reference in any way. It has been repeatedly held by this and other courts that the mere reference to a contract in a pleading does not make that contract a part of the pleading unless a copy of it is annexed. (*Boiardi* v. *Marden, Orth & Hastings Corp.*, 194 App. Div. 307; *Bandler* v. *Globe & Rutgers Fire Ins. Co.*, 205 id. 515.) Also, as to the modification attempted to be alleged in the complaint, the plaintiff fails to set forth the terms of the agreement. The allegation that the defendant "under and pursuant to the contract * * * obligated itself" is nothing more than a conclusion of the pleader. There is no allegation in the complaint that the defendant promised or agreed to do anything. (*Booth* v. *New Process Cork Co.*, 196 App. Div. 376.) The term when the contract was to be operative is not stated, the allegation being that the defendant, under and pursuant to the contract, the terms of which are not set forth, obligated itself, among other conditions, "for the period mentioned in the said contract," to manufacture and deliver to the plaintiff a certain kind of automobile, etc., "in certain territory as set forth in said contract." There is no allegation whatever as to what the period of operation was nor what the territory embraced. Thus at most the contract was one at will, and the allegation of the complaint that "without cause or justification the defendant on or about the 2d day of August, 1922, refused to perform the conditions of the contract and the modification thereof on its [defendant's] part obligated to be performed," is a mere statement of a conclusion, and it nowhere

**316** DU PONT AUTO. DISTRIBUTORS, INC., *v.* DU PONT M., INC.

First Department, June, 1925. [Vol. 213

appears in the complaint but that the contract had terminated prior to the 2d day of August, 1922. It nowhere appears in the complaint what the defendant was bound to do or for how long defendant's obligation lasted. The complaint only states bare conclusions as to the terms of the contract, the period when it was in effect, the territory to which it applied, and defendant's failure to perform. Such a complaint cannot be held to state any facts sufficient to constitute a cause of action. (*Blanchard Co.* v. *Rome Metallic Bedstead Co.,* 184 App. Div. 187, 191.) "The mere reference to a contract in a pleading does not make the contract a part of the pleading unless a copy thereof is annexed." (*Boiardi* v. *Marden, Orth. & Hastings Corp.,* 194 App. Div. 307, 310.) In *Baby Show Exhibition Co., Inc.,* v. *Crowell Pub. Co.* (174 App. Div. 368) it was said: "It is well settled that in an action to recover damages for the breach of a contract *the facts constituting the breach* must be pleaded, and that it is insufficient to plead generally that the defendant failed to fulfill his obligations under the contract, or that he has been guilty of a breach of the contract." In *Fox* v. *Stern Dental Supply Co., Inc.* (207 App. Div. 750) it was held that a complaint in an action to recover an amount alleged to be due under a contract which does not set forth the contract or the provisions thereof upon which any sum is claimed to be due but alleges merely that there was a written contract and that the defendant failed to pay the plaintiff an amount due thereunder, states merely conclusions and should be dismissed under rule 106 of the Rules of Civil Practice.

I think the court was in error in holding that the allegations of the answer by way of counterclaim cured the failure of the complaint to set forth facts sufficient to constitute a cause of action. Upon such a motion testing the sufficiency of the complaint the complaint must stand upon its own merits and the answer cannot be resorted to to cure a defective complaint. (*Lyonette Silks, Inc.,* v. *Dolson Co.,* 187 App. Div. 473.) This court held in *Brodsky* v. *Rieser* (195 App. Div. 557, 558): "On such a motion [for judgment on the pleadings] the denials in the answer must be ignored and the complaint tested as on a demurrer."

The learned justice presiding at Special Term seemed of the opinion that the defendant should either demand a bill of particulars or move to examine the plaintiff before trial. We know of no obligation on defendant's part to adopt such a course. Certainly the defendant would have no right to examine the plaintiff in relation to the affirmative allegations of plaintiff's complaint, and a bill of particulars is not for the purpose of enlarging a complaint but for the purpose of limiting it. (*Andersen Trading Co., Ltd.,* v. *Brody,*

Du Pont Auto. Distributors, Inc., *v.* Du Pont M., Inc.  **317**

App. Div. 313]          First Department, June, 1925.

193 App. Div. 681.)   In *Ship* v. *Fridenberg* (132 App. Div. 782) it was held that a motion for judgment on the pleadings is based upon and is to be determined solely by the pleadings as they exist at the time of the motion and cannot be aided by affidavits or testimony and an order providing that the motion could be renewed after searching the pleading by an application for particulars or plaintiff's conscience by an examination was improper.   It does not appear that the counterclaims set forth in the answer are based upon the contract attempted to be alleged in the complaint.   In the 3d paragraph of the complaint it is alleged that the contract was made between the plaintiff and the defendant and this allegation is later repeated in the 8th paragraph of the complaint.   The counterclaims contained in defendant's answer allege that the contract made by the defendant was not with the plaintiff, but with Messrs. Dolman, Liebermann and Glantz, and afterwards assumed by the plaintiff.   Nowhere in either counterclaim was there any allegation as to the length of time for which the contract was to continue.   In the first counterclaim damages are claimed for fraud in inducing the defendant to make the contract, and in the second counterclaim the defendant claims for goods sold and delivered thereunder.   In neither of the counterclaims does it appear that the plaintiff was to have any recovery under the contract for failure to perform which an action could be maintained against the defendant.

There is no allegation in the complaint of performance by the plaintiff.   It is true the plaintiff in the 3d paragraph of the complaint alleges that the defendant contracted with it, but in the following paragraph it is alleged that the plaintiff was incorporated by the three individuals, " being the same parties mentioned in the contract and with whom the defendant made said contract." It is then alleged that these parties incorporated the plaintiff and that the defendant continued to do business with the plaintiff under plaintiff's name as incorporated.   It, therefore, appears that the contract in suit was not even made with the plaintiff.   The plaintiff was not then in existence, but was incorporated later by the individuals with whom the plaintiff alleges that the defendant contracted.   There was no allegation in the complaint that the individuals ever assigned their rights under the contract to the plaintiff or that the plaintiff assumed the same, the only allegation being that the three individuals under their " corporate name continued to do business with the defendant." There is no allegation of due performance by the individuals, and the only allegation is that the *plaintiff* duly performed.   We think the allegations of the complaint are entirely insufficient.

The order appealed from should be reversed, with ten dollars

costs and disbursements, and the defendant's motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint upon payment of all costs in the action to date.

CLARKE, P. J., FINCH, MARTIN and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days from service of order upon payment of all costs in the action to date.