MARTIN MELTSNER et al., Individually and as Copartners Doing Business under the Name of AMMEL BRAKE Co., Plaintiffs, v. BENJAMIN POSMANICK, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, May 1, 1950.

*Sidney Kraft* for plaintiffs.

*Abraham L. Hyman* for defendant.

LORETO, J. The plaintiffs move herein to vacate the defendant's demand for a bill of particulars addressed to the plaintiffs' cause of action, which is stated to be an unpaid check executed

and delivered by the defendant to the plaintiffs. The items of the demand are:

" 1. Was said check for $100.00 issued pursuant to terms of a written or oral agreement by defendant with plaintiffs?

" 2. State the full terms of said contract, if written; state the substance thereof, if oral.

" 3. State what work and materials were done and furnished by plaintiffs."

In this court, " oral " pleadings are authorized by the New York City Municipal Court Code (L. 1915, ch. 279, § 78), and an action may be instituted, as this has been, by an indorsement on the summons stating briefly the nature of the plaintiffs' claim. As a long form complaint is not required, such indorsement constitutes the plaintiffs' complaint.

In order to establish a prima facie case herein, the plaintiffs need prove only the making and delivery of the check, its presentation and demand for payment and its nonpayment. These are the elements which they would be required to allege to plead a cause of action if a long form complaint were used (Negotiable Instruments Law, §§ 50, 111, 130–135, 321).

To be effective, the demand for a bill must be addressed to the pleading as subdivision (a) of rule 115 of the Rules of Civil Practice, reads: " Any party may require any other party to give a bill of particulars of his claim * * *." The function of the bill is to limit the allegations of the complaint (*Friedman, Inc.* v. *Comet Knitting Mills,* 275 App. Div. 261, 263; *Du Pont Automobile Distributors* v. *Du Pont Motors,* 213 App. Div. 313, 316). Thereby, it tends to define the issues to be litigated.

The items herein sought by the demand clearly do not seek a particularization of the plaintiffs' claim and do not come within the scope of a bill.

The defendant appears to be seeking information outside of the pleading of the complaint, relating to a defense. The items of the demand are concerned with the plaintiffs' performance of the terms of an agreement pursuant to which the check was given. "Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto whether the defense is an ascertained and liquidated amount or otherwise ". (Negotiable Instruments Law, § 54.) Whatever other means may be available to the defendant to obtain such information from the plaintiffs before the trial, it is not by way of requiring them to furnish a bill of particulars (*Townsend* v. *Halbert,* 194 Misc. 1033, 1035).

The motion is accordingly granted.