(62 App. Div. 433.)

### LOOMIS v. LEWIS et al.

(Supreme Court, Appellate Division, Second Department. June 14, 1901.)

1. INSURANCE—ACTION ON POLICY—PLEADING APPEAL.

Code Civ. Proc. § 522, provides that each material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true. Plaintiff in an action on an insurance policy set out a contract of insurance, and alleged that the insurance was to be paid within 60 days after notice and proof of loss, without suggesting any limitation as to the time within which such notice should be given. Defendant admitted such allegations, with the suggestion that it was desired to refer to the policy on the trial for greater certainty, and for the conditions on which the policy was effected, and set up that the notice was to be given within a certain time after the loss. Notice had not been given within that time. Defendants failed to refer to the policy on the trial. *Held*, that because of such failure defendants must be deemed to have admitted the contract as set forth, and hence their contention as to the time within which to give notice availed nothing.

2. SAME—EVIDENCE.

Gen. Laws, c. 38 (Laws 1892, c. 690, § 121), declaring that fire underwriters shall write only the standard policy on property in the state, which policy shall contain a provision requiring immediate notice of the fire, and that proofs of such loss shall be submitted within 60 days as a condition precedent to recovery, does not confine such underwriters to the standard policy as to property in another state; and hence, in the absence of proof, in an action on a policy on such property, that such proofs shall be so submitted, defendant is liable, though proof was not made till after the 60 days expired.

Action by William Loomis against Alonzo Lewis and another as attorneys in fact of Charles F. Brooks and others. Motion by defendants for judgment on exceptions, ordered to be heard in the first instance at the appellate division. Denied.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, JENKS, and SEWELL, JJ.

W. C. Beecher, for plaintiff.
William D. Murray, for defendants.

WOODWARD, J.   The defendants in this action, as attorneys
in fact for various parties doing business as the Isthmus Lloyds
of the City of New York, and authorized to issue policies of insur-
ance in the name of the underwriters whose names are set forth in
the summons, are alleged in the complaint to have "heretofore, and
on or about the 24th day of September, 1897,  *  *  *  duly en-
tered into a contract with said Huse & Loomis Ice & Transporta-
tion Company, by a policy of insurance numbered 21,922 issued by
the said Isthmus Lloyds of the City of New York, in which and
by which defendants covenanted, promised, and agreed, in consid-
eration of the sum of $20.00 to them paid by the said Huse &
Loomis Ice & Transportation Company, to insure the property of
the said Huse & Loomis Ice & Transportation Company aforesaid
for the term of one year, from the 31st day of October, 1897, to
the 31st day of October, 1898, against all direct loss or damage by
fire to an amount not exceeding $1,000 in the aggregate"; such
property being located "on the island in St. Charles county, state
of Missouri, opposite Alton, Illinois, known as 'Red Group,'—said
insurance to be paid within sixty days after notice and proof of
loss."   It was further alleged that "on or about the 21st day of June,
1898, and while said contract of insurance was remaining in full
force and effect, the aforesaid building, appurtenances, and attach-
ments mentioned in said policy was fully destroyed by fire," and
"that said fire did not occur from any one of the causes excepted
in said policy."   After various other averments of incidental mat-
ters, it is alleged that the claim of the Huse & Loomis Company was
duly assigned to the plaintiff, and judgment is demanded for the
sum of $1,000, with interest.   (There are two actions involved here,
on different policies; but the same rules of law are involved, and
only the facts in one are necessary to be stated.)   The answer of
the defendants denies any knowledge or information sufficient to
form a belief as to the ownership of the premises insured, the
amount of insurance upon such property other than that written
by the defendants, the assignment of the claim, etc., but admits
that they were engaged in writing Lloyd insurance policies, and
that the policy in question was written and delivered in the manner
above set out, and "begs leave to refer to the policy therein men-
tioned, upon the trial of this action," for "greater certainty and
for the terms and conditions upon which such insurance was ef-
fected."   The defendants also deny "that the Huse & Loomis Ice
& Transportation Company duly performed all the conditions on
their part, and that more than sixty days have elapsed since the
delivery by such company to defendant of notice and proof of loss,
and that defendant has failed to pay said sum of $1,000, or any
part thereof, although due demand has been made therefor," except

that it is conceded that the payment has not been made. Upon the trial both parties asked for the direction of a verdict. The motion of the defendants was denied, and an exception taken, and that of the plaintiff was granted; the defendants taking an exception to the decision in favor of the plaintiff.

It is urged on the part of the defendants that, proofs of loss not having been rendered to the insurer within 60 days after the fire, the plaintiff is not entitled to recover; Peabody v. Satterlee, 166 N. Y. 174, 59 N. E. 818, being cited as the controlling authority upon this point. The undisputed testimony is that proofs of loss were mailed in Chicago on the afternoon of August 20, 1898, which was the sixtieth day after the fire, and were received by the defendants ·on August 24, 1898, 63 days after the fire; and, if it appears from the pleadings or the evidence that the policy under which the plaintiff claims required the notice, as in the Peabody Case, there would be no doubt that there could be no recovery. The difficulty with the defendants' position is that, while they begged leave to refer to the policy upon the trial for greater certainty as to the terms and conditions upon which the insurance was effected, they have failed to avail themselves of the privilege, and the record does not disclose that any notice of loss within 60 days of the fire was necessary as a condition precedent to recovery. Section 522 of the Code ·of Civil Procedure provides that "each material allegation of the complaint, not controverted by the answer, * * * must, for the purposes of the action, be taken as true"; and the third paragraph ·of the complaint, as given above, sets out a contract of insurance, and the said insurance was "to be paid within sixty days after notice and proof of loss," without suggesting any limitations as to the time within which such notice should be given. The answer admits the allegations of the third paragraph, with the suggestion that it is desired to refer to the policy upon the trial; and, having ·omitted to put the policy in evidence, defendants must be deemed to have waived the privilege, and to admit the contract as set forth in the pleadings. Clendinning v. Lindner, 9 Misc. Rep. 682, 683, 30 N. Y. Supp. 543. We must accept the pleadings, which are not ·controverted, as true, and there is nothing in the record to show that it was necessary for the insured to put in proofs of loss within ·60 days from the fire. The contract as it appears conceded in the pleadings is to pay the insurance within 60 days after notice and proof of loss.

The same reasoning applies to the second point of the defendants, —that plaintiff's assignor did not give immediate notice of the fire. There is nothing to show that the insured was called upon to give ·such immediate notice. It is urged, however, that no other policy than the standard policy could have been issued in New York. and that, as the law is presumed to have been complied with, it must be assumed that the defendants wrote a standard policy, which, in effect, the court is asked to presume contains the provisions requiring immediate notice of the fire, and that proofs of loss shall be submitted to the company within 60 days as a condition precedent to recovery. In support of this proposition we are told that in Pea-

body v. Satterlee, supra, the court declared that the use of the standard policy in this state was made compulsory; but we fail to find that the court decided that fire underwriters were confined to the standard policy in writing insurance upon property in another state, while the statute distinctly limits its own operation to "any fire insurance policy or the renewal of any such policy on property in this state." Section 121, c. 690, Laws 1892; chapter 38, Gen. Laws. If the court were to take judicial notice of the fact that the standard policy contains the requirements assumed by the defendants, it would still have no evidence, and there would be no possible presumption, that this policy, written upon property in the state of Missouri, as stated in the complaint and admitted, or not denied, by the answer, was a standard policy, and without this the defendants can have no defense to the present action.

The evidence fully sustains the averments of the complaint in respect to all of the questions which may be deemed to have been determined by the trial court in directing a verdict, after having been requested so to do by both parties, and the exceptions should be overruled, and a judgment for plaintiff directed.

Exceptions overruled, and a judgment for the plaintiff directed.

Exceptions overruled, and judgment directed for plaintiff, with costs. All concur.