(164 App. Div. 173)

JAMES C. McGUIRE & CO. v. H. G. VOGEL CO. (No. 6259.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. PAYMENT (§ 87*)—RECOVERY BACK—PAYMENT UNDER "DURESS."

Where a subcontractor, who had installed in a building in course of construction an automatic fire sprinkler system under a contract with the general contractor, threatened to bring replevin to recover the fixtures so installed unless it was paid money to which it was not entitled, the payment so made could not be recovered as made under duress, as a mere threat to institute legal proceedings to recover a claim is not "duress," and the general contractor could have defended and had the question as to its liability determined in the replevin action.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 283–287; Dec. Dig. § 87.*

For other definitions, see Words and Phrases, First and Second Series, Duress.]

2. PAYMENT (§ 87*)—RECOVERY BACK—PAYMENT UNDER DURESS.

A threat by a subcontractor to remove from a building in course of construction, by force, fixtures installed by it unless the general contractor paid it money which was not due it, was not such "duress" as entitled the general contractor to recover money so paid, where the building was not in the possession of the general contractor, but of the owner of the building, between whom and the subcontractor no relations existed giving peculiar force to any threat the subcontractor might make, and each contractor was a free agent, in no position to dominate or oppress the other.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 283–287; Dec. Dig. § 87.*]

Dowling and Laughlin, JJ., dissenting.

Appeal from Appellate Term, First Department.

Action by James C. McGuire & Co., a corporation, against the H. G. Vogel Company. From a determination of the Appellate Term (86 Misc. Rep. 22, 148 N. Y. Supp. 176), affirming a judgment of the Municipal Court, overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

See, also, 148 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

David Bernstein, of New York City, for appellant.
Warren McConihe, of New York City, for respondent.

INGRAHAM, P. J.   The action was commenced in the Municipal Court upon a written complaint.   It is therein alleged that on April 23, 1913, the plaintiff, being the general contractor for the erection of the building, entered into a contract in writing with the defendant, whereby the defendant agreed to install an automatic fire sprinkler system in the premises of the New York Transportation Company in the city of New York; that the plaintiff has fully paid the defendant for said sprinkler system, and has otherwise duly performed all the conditions of said contract on its part; that on or about October 18, 1913, the defendant, in order to wrongfully obtain from the plaintiff the sum of $395, falsely, fraudulently, illegally, and with intent to oppress the plaintiff, threatened the plaintiff that unless it paid the defendant $395, being the alleged value of said requirements of the New York Fire Insurance Exchange in said sprinkler system, within three days, the said defendant would issue a replevin suit and remove the sprinkler system from said premises, notwithstanding the fact that the plaintiff had paid almost the entire purchase price thereof, which threatened action on the part of the defendant would have caused the plaintiff irreparable injury and damage; that on or about January 16, 1914, the plaintiff, under protest, and solely by compulsion and under duress and by reason of the aforesaid threats, was compelled to and did pay the defendant the said sum of $395.   And the complaint demands judgment that the plaintiff recover $395 with interest.   By amendment to the complaint, a further paragraph was added, wherein it was alleged that at various times between October, 1913, and January, 1914, the defendant, fraudulently and with intent to oppress the plaintiff, asserted that it had a lien on the said sprinkler system, and threatened both the owner thereof and plaintiff that, unless the latter pay said sum of $395, it would remove the sprinkler system by force, which system had then in fact been fully paid for.

To the complaint the defendant demurred upon two grounds:  (1) That the complaint did not state facts sufficient to constitute a cause of action; and (2) that the Municipal Court was without jurisdiction of the subject-matter involved in the action.   The court overruled that demurrer and granted judgment for the plaintiff for the full amount claimed.   Whereupon the appellant appealed to the Appellate Term, which affirmed the judgment, and from that determination of the Appellate Term the defendant appeals.

[1] It is not alleged that under the contract the defendant would be entitled to remove the fixtures if the plaintiff failed to pay for them.   The cause of action is based solely upon the fact that the defendant claimed that under its contract with the plaintiff it was entitled to $395 more than the plaintiff conceded was due.   From the complaint, this would appear to be extra work which the defendant did to comply with the orders of the New York Fire Underwriters.   The parties being in this position, the defendant claiming an additional sum of money from the plaintiff, which the plaintiff refused to pay, the defendant threatened (1) that unless this amount was paid it would take legal proceedings to enforce its demand, and (2) that it would remove the sprinkler apparatus by force.   Assuming that any

such proceeding had been instituted, the plaintiff could have defended, and had the question as to its liability to pay this sum of $395 to the defendant determined. Defendant's threat was no more than one to institute legal proceedings to recover what it claimed was due. Whether such legal proceedings were in an action on the contract, or in replevin to recover the apparatus, seems to me to be quite immaterial.

It has always been the settled law of this state that a mere threat to sue does not avoid a promise to pay. Dunham v. Griswold, 100 N. Y. 224, 3 N. E. 76; Lilienthal v. Bechtel Brg. Co., 118 App. Div. 205, 102 N. Y. Supp. 1051. The contract was alleged to have been made on the 23d day of October, 1913. The threat alleged to have been made by the defendant was on the 18th of October, 1913, and at that time it is alleged that the plaintiff had paid almost the entire purchase price thereof, and the payment made by the plaintiff to the defendant was on January 16, 1914, three months after the alleged threats. It is a little difficult to see how a threat made in October, from which nothing resulted, could be held to have compelled the payment of the amount demanded in the following January. It seems to me, however, clear that a mere threat to institute legal proceedings to recover a claim is not duress, upon which can be based an action to recover a sum of money thereafter voluntarily paid, and therefore the complaint states no cause of action.

[2] Nor, in my opinion, did the allegations added to the complaint by the amendment lend to it any additional strength. The property was in the possession, not of the defendant, but of the owner of the building, between whom and this defendant no relations existed such as would give peculiar force to any threat the latter might make. Both plaintiff and defendant were corporations and apparently free agents, and there is nothing to show that one was in any position to dominate or oppress the other. In such circumstances, I can find no authority for holding that the mere threat of one to take the property of another "by force" constitutes duress.

It follows that the determination appealed from must be reversed, with costs to the appellant in this court and the Appellate Term, and the judgment of the Municipal Court reversed, and the demurrer sustained, with costs to the defendant.

SCOTT and HOTCHKISS, JJ., concur.

DOWLING, J. (dissenting). It seems to me that the amended complaint herein, by paragraph 6a thereof, sets forth a good cause of action for duress against the defendant. Therein the appellant alleges:

"(6a) That after said October 18, 1913, the said defendant further falsely, fraudulently, illegally, and with intent to oppress this plaintiff, stated to the owner of said building, and also to this plaintiff, that it had a lien on said sprinkler system, and unlawfully threatened this plaintiff, and also owner, that unless it paid the said defendant said $395, it would remove from said building by force said sprinkler system, which had at that time been fully paid for by plaintiff."

Plaintiff having fully paid defendant for all the services performed for him under their contract, a threat by defendant that unless a further sum of money was paid it would remove the sprinkler system from the owner's building by force, it seems to me, was a threat of such injury to property as constituted duress.

LAUGHLIN, J., concurs.

(164 App. Div. 376)

RICE v. H. P. CUMMINGS CONST. CO.    (No. 264-85.)

(Supreme Court, Appellate Division, Third Department.  November 11, 1914.)

APPEAL AND ERROR (§ 1003*)—DEATH OF SERVANT—LIABILITY OF MASTER—EVIDENCE.

Where the employer's liability for the death of a carpenter by falling from a structure erected below a dam for the use of workmen depends on whether the accident occurred near the bank or near the center of the river, as alleged in the complaint, the latter location being where the structure was being torn down and the want of guard railings would not have constituted negligence as to plaintiff's intestate, and where plaintiff's evidence is in direct conflict with the complaint on this point, and defendant's evidence sustains it thereon, a judgment on a verdict for plaintiff will be reversed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

Howard, J., dissenting.

Appeal from Trial Term, Warren County.