MAURICE BANDLER, Respondent, *v.* THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Appellant.

First Department, May 18, 1923.

Insurance — theft insurance — complaint in action against insurer did not set out policy or material provisions thereof and stated conclusions only — complaint is insufficient in that it fails to allege facts — allegation that copy of policy is in defendant's possession does not cure defect — failure to allege facts showing insurable interest.

A complaint in an action on a policy of theft insurance, which does not set out the policy or the material provisions thereof and alleges conclusions only to the effect that loss was suffered by theft under the terms of the policy, that the loss was reported to the defendant as provided by the terms of the policy, and

that the plaintiff fully performed all the covenants and conditions under the terms of the policy, is insufficient in that it fails to allege the facts constituting the cause of action.

An allegation in the complaint that a copy of the policy is in the possession of the defendant does not cure the defect.

The complaint is also defective in failing to allege any ownership in the plaintiff of the goods insured.

APPEAL by the defendant, The Globe and Rutgers Fire Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of December, 1922, denying its motion for a judgment dismissing the complaint made upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

*Levy & Becker* [*Joseph Levy* of counsel], for the appellant.

*Stern & Marks* [*William Leonard Berk* of counsel; *Sydney W. Stern* with him on the brief], for the respondent.

FINCH, J.:

For the purposes of this decision it is sufficient to say that the complaint fails to comply with the rules of pleading in that it does not allege the facts upon which the action is based. The plaintiff sues to recover a loss sustained by the theft of certain goods alleged to be covered by a policy of insurance issued by the defendant. Neither the policy nor the material provisions thereof are set forth in the complaint. Conclusions only are pleaded, *i. e.*, that the plaintiff " suffered loss by theft of property covered under the said policy of insurance, while in transportation under the terms of said policy;" that plaintiff " reported said loss to the defendant as provided by the terms of said policy;" that " plaintiff has duly performed all the covenants and conditions under the terms of said policy of insurance on his part to be performed." This is not sufficient. (*Todd* v. *Union Casualty & Surety Co.*, 70 App. Div. 52; *Prichard* v. *Security Mutual Life Ins. Co.*, 140 id. 879, 880.)

It is obvious that the defendant cannot put in issue any of the facts upon which the plaintiff relies to sustain his cause of action in the absence of such facts being pleaded. It is true the complaint alleges that a copy of the policy is in the defendant's possession, but that does not cure the defect, because, as was said in *Boiardi* v. *Marden, Orth & Hastings Corp.* (194 App. Div. 307, 310) " the mere reference to a contract in a pleading does not make the contract a part of the pleading unless a copy thereof is annexed." To permit such a form of pleading would, in effect, reverse the order of pleading and cast on the defendant the burden of setting

forth the contract sued on by the plaintiff, and of alleging why the plaintiff is not entitled to recover thereon.

It is to be noted, also, that the complaint does not allege any ownership in the plaintiff of the goods insured, and hence the complaint is also defective in failing to show an insurable interest in the plaintiff. (*Fowler* v. *N. Y. Indemnity Ins. Co.*, 26 N. Y. 422.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days upon payment of said costs.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to serve an amended complaint upon payment of said costs.