CROSSWAYS APARTMENTS CORPORATION, Respondent, *v.* JOSEPH AMANTE, Appellant, Impleaded with PHILIP PASSAFIUME, Copartners, Doing Business under the Name and Style of AMANTE & PASSAFIUME, Defendant.

First Department, May 29, 1925.

Contracts — building contract — cause of action to recover damages for failure to perform — complaint alleging conclusions is insufficient — cause of action based on alleged duress inducing payment on contract — duress alleged is threat to file mechanic's lien and to make false complaints to labor union — acts alleged do not constitute duress — cause of action based on alleged fraudulent misrepresentations as to time of completion of contract — false executory promises do not give rise to cause of action in tort.

A complaint in an action against a contractor who agreed to perform all plastering work in a certain building does not state a cause of action to recover damages for the failure to perform the contract, since the complaint as to that cause of action states merely conclusions and does not allege the contract either by annexing it to the complaint or according to its legal effect, and fails to allege other facts constituting a cause of action for breach of contract.

The complaint is insufficient as to the second cause of action based on alleged duress inducing a payment on the contract by the plaintiff in excess of what the defendants were entitled to receive, for the acts alleged to constitute duress, which are that the defendants threatened to file a mechanic's lien unless payment were made and threatened to make false complaints to a labor union,

do not constitute legal duress, nor does the fact that the defendants demanded payment without an architect's certificate make the defendants' demand for payment unlawful.

The complaint is insufficient as to the third cause of action which demands damages for alleged fraudulent misrepresentations made by the defendants to the plaintiff as to the time of the completion of the contract, for false executory promises do not give rise to a cause of action in tort; the only basis on which the plaintiff could recover under the third cause of action would be on the theory of breach of contract, and the complaint does not allege a cause of action on that theory.

APPEAL by the defendant, Joseph Amante, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1925, denying said defendant's motion for an order dismissing the complaint as to all three causes of action, or in the alternative for an order striking out certain irrelevant and unnecessary matters in the first cause of action. (See Rules Civ. Prac. rule 106, subd. 5; Id. rule 103.)

The complaint alleges:

I. That plaintiff is a domestic corporation.

II. That defendants are copartners, and then continues:

" III. That on or about the 12th day of July, 1923, the plaintiff and the defendants entered into a written contract, whereby in consideration of the agreement of the plaintiff to pay the defendants the sum of thirty-nine thousand two hundred and fifty ($39,250) dollars, the defendants agreed to provide all the materials and perform all the work required for the plastering work in a certain building then being erected at Far Rockaway upon premises owned by the plaintiff.

" IV. Thereafter, the parties entered upon the performance of said contract.

" V. The plaintiff duly performed all of the conditions of said contract on its part.

" VI. The defendants failed to perform the contract on their part.

" VII. By reason of such failure on the part of the defendants to perform said contract, the plaintiff suffered general damages in the sum of fifteen thousand ($15,000) dollars, and special damages by reason of delay and loss of rentals in the further sum of fifteen thousand ($15,000) dollars, making the total of plaintiff's damages the sum of thirty thousand ($30,000) dollars.

" VIII. That although duly demanded, no part of said sum of thirty thousand ($30,000) dollars has been paid, and the same remains due and owing, with interest from the 15th day of February, 1924.

" For a second cause of action:

" IX. The plaintiff repeats and realleges all of the allegations set forth in the paragraphs numbered I, II and III of this complaint, and wishes them to have the same force and effect as if here set forth in full.

" X. Said contract provided among other things that said work was to be pushed with all possible speed, and was to be done in accordance with the plans and specifications of Wilkinson & Hyde, architects, and that payments were to be made upon the certificate or certificates of said architects.

" XI. Thereafter, the parties entered upon the performance of said contract. The plaintiff, Crossways Apartments Corporation, duly performed all of the conditions of said contract on its part.

" XII. The defendants utterly failed and refused to perform said contract on their part, and while their said contract was incomplete and before obtaining any architects' certificate, said defendants demanded a payment from the plaintiff, and refused to proceed further with said contract unless said payment was made.

" XIII. It was absolutely necessary that said work go on without interruption so that plaintiff's building could be finished. Owing to the peculiar conditions in the building trades, it was impossible for the plaintiff to obtain any other contractor or any other laborers to perform the work which the defendants were refusing to do. In addition to demands for said payment, the defendants threatened to file a mechanic's lien against plaintiff's building and to make false complaints against plaintiff to the plasterers' labor union, thereby threatening a possible strike of all workmen upon the building.

" XIV. Owing to the arbitrary, fraudulent and unlawful conduct of the said defendants as aforesaid, and under such fraud and duress, the plaintiff made payments to the defendants at various times between the 1st day of November, 1923, and the 15th day of February, 1924, in excess of what defendants were entitled to receive, aggregating fifteen thousand ($15,000) dollars.

" XV. Plaintiff has duly demanded re-payment of said sum of fifteen thousand ($15,000) dollars, and re-payment has been refused, and said sum remains due and owing from the defendants to the plaintiff, with interest from the 15th day of February, 1924.

" For a third cause of action:

" XVI. The plaintiff repeats and re-alleges all of the allegations set forth in the paragraphs numbered I, II and III of this complaint, and wishes them to have the same force and effect as if here set forth in full.

" XVII. On information and belief, that the execution of said contract upon the part of the plaintiff was procured by misrepre-

sentations of the defendants, particularly false and fraudulent misrepresentations that said defendants could complete said contract within eight weeks for the reason that they could readily get all the laborers needed. That if necessary, they would place one hundred plasterers at work upon the premises.

" XVIII. The plaintiff believed said misrepresentations to be true and relied upon the same, and was thereby induced to make the said contract.

" XIX. On information and belief, that said misrepresentations were false and were known by the defendants when made to be false, and were made with intent to induce the plaintiff to act thereon and with intent to deceive and defraud the plaintiff and in furtherance of a scheme on the part of the defendants to obtain this contract and to default in the performance of the same, and to embarrass and damage the plaintiff by reason of such default, and to obtain moneys from the plaintiff to make up losses sustained by said defendants in a contract upon another building with which plaintiff had nothing to do, but upon which the supervising engineers employed by plaintiff were also employed and through whom the contract with the defendants came about. Said defendants, having a grievance against said supervising engineers, made the said fraudulent misrepresentations to obtain said contract and never had any intention of performing said contract, having but one intention in mind, that is, to endeavor to recoup their loss in the other said operation referred to at plaintiff's expense.

" XX. On information and belief, that thereafter, after obtaining plaintiff's signature to the said contract, defendants carried out their scheme, and as heretofore set out in paragraph XIII of this complaint, placed the plaintiff in such a position that it had no choice but to yield to any demands for moneys made by said defendants.

" XXI. As a result of such fraud and deceit, the plaintiff was damaged in the sum of fifteen thousand ($15,000) dollars.

" XXII. Although duly demanded, no part of said sum of fifteen thousand ($15,000) dollars has been paid, and the whole thereof remains due and owing from the defendants to the plaintiff, with interest from the 15th day of February, 1924."

*Andrew Bellanca,* for the appellant.

*Stephen E. Ryan* [*Ferdinand I. Haber* of counsel], for the respondent.

BURR, J.:

As to the first cause of action the complaint seems to be little more than a demand for payment of a sum of money. The com-

First Department, May, 1925. [Vol. 213

plaint simply says in effect that there was a contract; that defendants failed to perform, and that plaintiff is entitled to damages for the breach. Few of the terms or conditions of the contract are given, and as to the nature of the breach nothing whatever is stated.

The agreement is alleged to be in writing, but the writing is not annexed, nor is the contract pleaded by alleging it according to its legal effect, namely, by setting forth so much of the terms and conditions of the agreement as to enable this court to see what the obligation was that the defendants assumed thereunder.

Material facts are lacking and their place cannot be supplied by bare conclusions of liability for damages.

In *Fox* v. *Stern Dental Supply Co.* (207 App. Div. 750) the complaint alleged: " That on the 2d day of April, 1919, the said deceased, Abraham B. Fox, entered into a written contract with the defendant herein under and by which the said defendant employed and hired the said deceased, and the said deceased agreed to and did enter into a contract of employment with the said defendant as ' traveling salesman ' for a period of five years from January 1st, 1919."

The court, through Mr. Justice McAvoy, held as follows: " Obviously there is nothing here but conclusory statements of what the contract provides. * * * While it is unnecessary to set forth the contract in full, or to annex it to the complaint, the provision of the contract upon which compensation is claimed to have been earned, or its terms in substance, must be set out to make a logical premise for the conclusion that anything is due. The complaint does not state a cause of action and should have been dismissed." (See, also, *Bandler* v. *Globe & Rutgers Fire Ins. Co.*, 205 App. Div. 515.)

The allegation of a breach of contract by the defendants is insufficient.

In *Booz* v. *Cleveland School Furniture Co.* (45 App. Div. 593) the action was on contract. The complaint alleged: " That by the acts of said defendant the plaintiff has been prevented from carrying out his part of the contract, and for the breach of said contract by the said defendant the plaintiff has been damaged in the sum of " $8,000.

In the opinion of the court, INGRAHAM, J., said: " The complaint must allege facts, not conclusions, which, if proved, would entitle the plaintiff to a judgment. * * * The allegation that by the acts of the defendant the plaintiff had been prevented from carrying out his part of the contract is not a sufficient allegation of a breach by the defendant. The allegation is a mere conclusion, as the particular acts of the defendant from which the plaintiff drew that conclusion are not pleaded."

A more recent case directly in point is *Baby Show Exhibition Co.* v. *Crowell Publishing Co.* (174 App. Div. 368) where Mr. Justice LAUGHLIN stated: " A general allegation of due performance by plaintiff of conditions precedent to his right to recover on a contract without stating the facts constituting performance is expressly authorized (Code Civ. Proc. § 533);* but not so as to a breach of contract by the defendant.

" There is no allegation of *fact* with respect to any act or omission on the part of the defendant constituting a breach of the contract. The specification of various agreements on the part of the defendant, followed by a general allegation of a breach thereof, presents a pleading precisely the same as if the plaintiff had set forth in *hæc verba* the contract and alleged performance on its part and a failure on the part of the defendant to perform its obligations thereunder. It is well settled that in an action to recover damages for the breach of a contract *the facts constituting the breach* must be pleaded, and that it is insufficient to plead generally that the defendant failed to fulfill his obligations under the contract, or that he has been guilty of a breach of the contract."

The allegations therein held insufficient to support a cause of action are, in substance, the allegations contained in this complaint and these allegations amount merely to a statement that the defendants failed to perform their contract, which is a mere conclusion of law in too general terms to apprise the defendants of the cause of action against them.

*As to the second cause of action.*

Summarized, the plaintiff purports to set forth a cause of action based on duress resulting from a single threat that if " a payment " was not made by plaintiff, defendants would file (*in futuro*) a mechanic's lien against plaintiff's building, and would make false complaints against plaintiff to the Plasterers' Union.

The gravamen of the complaint is " the threat," not the payment of money at a subsequent time. The payments in the instant case, as averred in the complaint, were made " at various times between the 1st day of November, 1923, and the 15th day of February, 1924."

The pleader alleges no facts showing that the payments were made under the compulsion of urgent and pressing necessity. The complaint merely alleges conclusions of law. It characterizes defendants' conduct as a " threat " or alleges that payments were made under " duress," or that the threatened complaints to the Plasterers' Union were to be " false," which are conclusions of law without any facts upon which they may be based.

* Now Rules Civ. Prac. rule 92; Jus. Ct. Act, § 162.— [REP.

. The same question as is here presented was before this court in the case of *Kamenitsky* v. *Corcoran* (177 App. Div. 605). There the complaint alleged that the defendant " threatened that if the said sum was not paid to defendant he would cause the license of the plaintiff herein to be taken away and would cause the plaintiff to be ousted from the said location." . In granting defendant's motion for judgment on the pleadings, the court, through Mr. Justice Shearn, said: " In the first place, the essential allegations in the complaint are mere conclusions. Stripping the complaint of its conclusions, there are no facts pleaded which show that the payments were made under the compulsion of urgent and pressing necessity. It is not sufficient merely to characterize defendant's conduct as a ' threat ' or to allege that the payments were made ' under duress.' The complaint must state facts which constitute a legal basis for the charge of compulsion or involuntary payment, so that the court can see that the pleader's conclusion of law is justified. * * * The words employed by the defendants should have been pleaded. This requirement does not offend the rule against pleading evidentiary matters, for that rule only applies to unnecessary allegations."

The only threat and duress was the alleged threat on the part of the defendants to file a mechanic's lien unless a payment was made. The defendants were given the right by law to file such a lien. (Lien Law, § 3.)

The courts have uniformly held that threats to take legal proceedings did not constitute duress. (*McGuire & Co.* v. *Vogel Co.*, 164 App. Div. 173.) To the same effect is *Abelman* v. *Indelli & Conforti Co.* (170 App. Div. 740).

Nor does plaintiff's allegation that payment was to be made upon architect's certificate render defendants' demand unlawful and of such character as to constitute duress. The architects were by the very nature of the arrangements the agents of the plaintiff and, as such, were in a position unreasonably to refuse to give a certificate. Defendants were not obligated to abide by the determination of either plaintiff or its agents on the question as to whether moneys were due them, but could proceed to enforce their rights under the statute.

The facts alleged as a second cause of action are, therefore, also insufficient to constitute a cause of action.

*As to the third cause of action.*

Stripped of its unnecessary verbiage the third cause of action in the complaint simply attempts to recover in tort damages for failure to fulfill a contract within the time specified. This is attempted in face of the fact that nowhere in the complaint is

there any allegation as to when the work was to be completed under the terms of the written contract, or that it was not completed within the time agreed, or that it was to be performed with any particular degree of speed, or that time was of the essence of the agreement.    If defendants made undue statements at or before the time of making the contract as to when the contract would be completed, these statements would furnish no ground for an action in tort or fraud.    If defendants did not perform the contract within the time agreed, plaintiff's remedy would be for damages for breach of contract and not in tort.    The general rule that plaintiff cannot recover in fraud is tersely stated in the case of *Adams* v. *Gillig* (199 N. Y. 314, 318), where the court said: " It may be assumed that promises of future action that are a part of the contract between the parties, to be binding upon them, must be stated in the contract.    An oral restrictive covenant, or any oral promise to do or refrain from doing something   *   *   *   about which a written contract is made and executed between the parties, will not be enforced   *   *   *   because the covenants and agreements being promissory and contractual in their nature and a part of, or collateral to a principal contract, the entire agreement between the parties must be deemed to have been merged in the writing.    The value of a writing would be very seriously impaired if the rule mentioned in regard to including the entire agreement in such writing is not enforced.   *   *   *

" Such rule makes it necessary for the parties to a written contract to include everything therein pertaining to the subject-matter of the principal contract, and if by mistake or otherwise an oral agreement, a part of the transaction, is omitted from the writing, it can only be made effective and enforceable by a reformation of the writing, so that the same shall include therein the entire agreement between the parties.    The rule is quite universal that statements promissory in their nature and relating to future actions must be enforced if at all by an action upon the contract."

Plaintiff attempts to make a tort action out of what at best would be a breach of contract for failure to complete the work within an agreed period of time.    The plaintiff does not show a right to recover on a contract, for there is no allegation that time was of the essence of the contract, or that the work was agreed to be done within any specified time, or that defendants failed to perform within the agreed time.

This rule of law has been very recently restated by the Court of Appeals in the case of *Adams* v. *Clark* (239 N. Y. 403), where Judge POUND wrote: " Mere promissory statements as to what will be done in the future are not actionable.    (*People* v. *Miller,* **169**

N. Y. 339, 350.) * * *. Disappointed hopes are not the basis of legal liability. If they were, no one, without making himself liable for damages, could innocently and in good faith say that he would advance money in aid of an embarrassed enterprise and then change his mind when it developed that the situation was not as rose colored as good-natured optimism had pictured it when the promise was made. Proof of failure to keep a promise may tend to establish the intent not to keep it, but common experience teaches us that such proof is not conclusive; that the making of an unkept promise does not imply of necessity in all cases a present intention not to keep the promise."

In *Urtz* v. *N. Y. C. & H. R. R. R. Co.* (202 N. Y. 170) the court considered the question as to whether the mere allegation of fraud and deceit was sufficient to warrant a recovery of damage. It said: " In an action for the recovery of damages caused by the fraud of the defendant, the plaintiff must allege and prove that he has been injured by the fraud which he charges. The essential constituents of the action are firmly fixed and are tersely stated in *Arthur* v. *Griswold* (55 N. Y. 400), as, ' representation, falsity, *scienter*, deception and injury.' Pecuniary loss to the deceived party is absolutely essential to the maintenance of the action. Fraud and deceit alone do not warrant the recovery of damages. Deceit and injury must concur. (*Taylor* v. *Guest*, 58 N. Y. 262; *Ettlinger* v. *Weil*, 184 N. Y. 179.)"

Since the plaintiff has endeavored to allege a cause of action for the recovery of damages by reason of fraud, and since the facts alleged by plaintiff as constituting fraud were merely a representation of an expectation, and non-performance is not shown, and the facts on which damage is predicated made known to the defendants, the facts alleged as a third cause of action do not constitute a cause of action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for judgment dismissing the complaint granted, with ten dollars costs, on the ground that the complaint as to all three causes of action does not state facts sufficient to constitute a cause of action, with leave to plaintiff to serve an amended complaint on payment of said costs.

CLARKE, P. J., DOWLING, MERRELL and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for judgment dismissing the complaint granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.