STEPHANO FERRARO, Plaintiff, *v.* MARRILLARD BUILDERS, INC., and THE PEOPLE OF THE STATE OF NEW YORK, Defendants.*

County Court, Nassau County, January 28, 1930.

---

* Affd., 229 App. Div. 802.   See, also, 137 Misc. 337.

*Emanuel Levy* [*Benjamin H. Berman* of counsel], for the plaintiff.

*Aaron Powsner*, for the defendant Marrillard Builders, Inc.

SMITH (LEWIS J.), J.   This is a motion to strike out the first separate defense contained in the amended answer upon the ground that the defense consisting of new matter is insufficient in law, and secondly, striking out the second separate defense and dismissing the counterclaim on the ground that the counterclaim is not one which may be properly interposed in this action, and does not state facts sufficient to constitute a cause of action.

The action was commenced to foreclose a mortgage, the principal sum being $13,000.   The complaint alleges a default in the payment of interest due April 1, 1929, and an election by plaintiff to declare the entire amount of the bond and mortgage due.   An answer was interposed and thereafter a motion to strike out the denials in the answer as sham, untrue and insufficient in law; also the first and second defenses as sham and insufficient, and also to dismiss the counterclaim on the ground that it did not state facts sufficient to constitute a counterclaim.   Plaintiff's motion was granted and the defendant appealed from the order granting said motion.   The appeal was brought on before our Appellate Division and after due consideration the said order of this court was modified by granting appellant leave to serve an amended answer within ten days after service of a copy of the order to be entered upon decision of the Appellate Division with notice of entry, and as so modified affirmed.   In the matter before the Appellate Division, Mr. Justice YOUNG, writing the opinion (227 App. Div. 448, 451), stated as follows: " The appellant, however, should have an opportunity to amend its answer so as to allege facts showing a proper defense and counterclaim for the breach of the covenant of quiet enjoyment, if such facts exist."

An amended answer has been interposed and in the 3d paragraph of the first separate defense of the amended answer it is alleged as follows: " That in violation of the aforesaid covenant, the plaintiff would not permit the defendant, Marrillard Builders, Inc., to quietly occupy and enjoy said premises or to use same to its profit and benefit, but on the contrary, on or about and between

the 14th day of August, 1928, and the 18th day of August, 1928, the plaintiff, his agents, servants, employees and legal representatives entered into and upon said premises, and by force, threats and unlawful proceedings ejected and removed the defendant, Marrillard Builders, Inc., its agents, servants or employees from the peaceful and quiet possession and occupation of the premises with the appurtenances, and ever since kept the defendant, Marrillard Builders, Inc., out of same."

In reference to this allegation we might well ask how did the plaintiff enter into and upon said premises, and what did plaintiff do which constituted the entry by force, and what did the plaintiff say which constituted the threats, and what were the proceedings instituted which were unlawful? It may be that what is alleged as threats were threats to take legal proceedings. If that be true that did not constitute duress. (*McGuire & Co.* v. *Vogel Co.*, 164 App. Div. 173; *Abelman* v. *Indelli & Conforti Co.*, 170 id. 740.)

In a defense such as the breach of a covenant of quiet enjoyment, facts must be set forth by the pleader so that the court may by reading the pleading see that the facts claimed to exist constitute as a matter of law, if true, a breach of said covenant. (*Grattan* v. *Tierney Sons, Inc.*, 226 App. Div. 811; *Almirall & Co., Inc.* v. *McClement*, 207 id. 320; affd., 239 N. Y. 630.)

In *Crossways Apartments Corp.* v. *Amante* (213 App. Div. 430, at p. 436) the court stated: " The complaint merely alleges conclusions of law. It characterizes defendants' conduct as a ' threat ' or alleges that payments were made under ' duress,' or that the threatened complaints to the Plasterers' Union were to be ' false,' which are conclusions of law without any facts upon which they may be based." (See, also, *Kamenitsky* v. *Corcoran*, 177 App. Div. 605.)

It seems to me that the essential allegations in the amended answer as contained in the said paragraph are mere conclusions; that no facts are alleged which would enable the court to decide whether or not, if the facts which the defendants rely upon were true, would constitute a legal defense. The second separate and distinct defense and counterclaim being based upon the first separate and distinct defense, must necessarily fail if the first defense fails.

The plaintiff's motion is, therefore, granted.