STEPHANO FERRARO, Plaintiff, *v.* MARRILLARD BUILDERS, INC., and Another, Defendants.

County Court, Nassau County, June 12, 1930.

*Emanuel Levy* [*Benjamin H. Berman* of counsel], for the plaintiff.

*Aaron Powsner*, for the defendant Marrillard Builders, Inc.

SMITH, J. This is a motion to reinstate a deficiency judgment heretofore entered and subsequently vacated. The action was

to foreclose a mortgage and an answer was interposed which answer was stricken out by order of this court on May 22, 1929. Upon appeal the order was modified allowing the defendant to interpose an amended answer (227 App. Div. 448). Upon motion an order was made striking out the amended answer on or about January 30, 1930 (136 Misc. 160). On the same date this court denied a motion made upon behalf of the defendant to vacate the deficiency judgment. Subsequently on or about March 28, 1930, our Appellate Division reversed said order and granted the motion to vacate the said deficiency judgment (228 App. Div. 853). The said Appellate Division subsequently affirmed the order made herein on or about January 30, 1930, striking out the amended answer (229 App. Div. 802).

The situation now presented is that the mortgage has been foreclosed, the property sold and a deed given by the referee and a deficiency judgment entered, which has been vacated by reason of the decision of the Appellate Division having granted the motion to vacate such judgment, reversing this court in that respect, and there is no answer on behalf of the defendant. I am convinced that the plaintiff is entitled to have judgment for the deficiency found by the referee. I am not convinced, however, that this court has the power to reinstate the judgment which was vacated because the said Appellate Division granted the motion to vacate it. I am of the opinion that the correct procedure is now for the plaintiff to proceed to enter a new judgment for the deficiency found by the referee, the same as if no judgment had ever been entered.

I, therefore, deny the motion, without costs and without prejudice to the plaintiff to enter a new judgment upon the referee's report the same as if no judgment had been entered.