MANHATTAN FIRE AND MARINE INSURANCE COMPANY, Plaintiff, v. PAUL TISHMAN Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, January 23, 1953.

*Simon Greenhill* for plaintiff.

*M. Carl Levine* for Paul Tishman Co., Inc., defendant.

MATTHEW M. LEVY, J. This is a motion by the plaintiff to dismiss the counterclaim of the defendant Paul Tishman Co., Inc., on the ground that as pleaded it does not on its face state facts sufficient to constitute a cause of action. The action is in equity to rescind an insurance policy issued by the plaintiff to the defendants. The policy thus sought to be abrogated is not annexed to the complaint, but for the purposes of the action instituted by plaintiff is sufficiently identified.

Tishman's answer, in addition to the general denial of the allegations of the complaint, asserts by way of counterclaim that the plaintiff issued a binder to the defendants covering fire, burglary and theft. In its pleading, the defendant " incorporates said binder herein by reference," " and begs leave to refer to same upon the trial." It is further alleged in the answer that thereafter the plaintiff issued its policy insuring the defendants, that the policy was issued pursuant to the binder, that the " insurance policy carried various endorsements thereon, covering among other things " certain articles of merchandise; and the defendant incorporates the policy by reference and again begs leave to refer to the document upon the trial. The counterclaim further alleges that the defendant duly performed all of the terms and conditions of the binder and the policy. It is then pleaded that during the course of the existence of the binder and the policy, a certain quantity of lead was stolen from the counterclaiming defendant, and that although due notice was given and claim for payment of the loss was presented, the plaintiff insurance company refused to pay the same.

A reading of the counterclaim readily discloses that it is based upon a policy which the defendant alleges was issued pursuant to a claimed binder, with neither the binder nor the policy being set forth in the pleading either by way of its substance or of its language. Thus, the counterclaim consists merely of conclusions, without alleging any of the material provisions of the contract sued upon. The rule is that mere reference to a written contract in a pleading — without more — does not make the contract a part of the pleading (*Boiardi* v. *Marden, Orth & Hastings Corp.*, 194 App. Div. 307, 310, appeal dismissed 230 N. Y. 607; *Du Pont Automobile Distributors* v. *Du Pont Motors*, 213 App. Div. 313, 315). It is, of course, not necessary that the binder or policy, or a copy of it, be annexed (*Prichard* v. *Security Mut. Life Ins. Co.*, 140 App. Div. 879). And in a proper case it may even be appropriate to ask for leave to refer to the document on the trial for all of its precise terms and conditions (*Loomis* v. *Lewis & Hull*, 62 App. Div. 433). But in any case, there must be pleaded the essential provisions or the legal effect or so much of the terms and conditions of the contract as to enable the reader to see from the four corners of the pleading what the obligation was that the pleader claims the adversary assumed (*Crossways Apts. Corp.* v. *Amante*, 213 App. Div. 430, 434). Here, the defendant does not annex a copy of the written contract to its answer, and does not plead its legal effect or its material provisions, but merely incorporates it by reference. This is a fatal

defect which requires dismissal of the counterclaim (*Bandler* v. *Globe & Rutgers Fire Ins. Co.*, 205 App. Div. 515, 516).

It is axiomatic that an insurable interest in the property covered by the policy is essential to the enforcible validity of the policy (*Shearman* v. *Niagara Fire Ins. Co.*, 46 N. Y. 526). The only paragraphs in the counterclaim which at all refer to the merchandise which was claimed to have been stolen are numbered 5 and 8. Paragraph 5 states that '' said insurance policy carried various endorsements thereon, covering among other things, plumbing, equipment and supplies, piping, wiring, doors and cabinets.'' Paragraph 8 alleges that '' lead of the value of Thirteen Thousand ($13,000) Dollars was stolen from this defendant.'' It may be that the insurance contract as entered into between the parties covered merchandise not owned by, but in the possession of, the defendant. However, as the counterclaim does not adequately plead the agreement, that type of coverage is not indicated, either by way of express allegation or reasonable inference. The failure of the defendant to set forth any allegations showing this necessary insurable and insured interest is a defect requiring the dismissal of the counterclaim (see *Fowler* v. *New York Ind. Ins. Co.*, 26 N. Y. 422, 424, and *Bandler* v. *Globe & Rutgers Fire Ins. Co., supra,* pp. 516–517).

The motion to dismiss the counterclaim is granted. Leave is given to the defendant to serve an amended pleading within ten days after service of a copy of the order, with notice of entry. Order signed.