Matthew M. Levy, J.
The plaintiff, a licensed real estate broker, claims to have been the producing cause of the purchase of two parcels of property by the defendants, the purchasers. It is alleged in the sixth cause of action of the amended complaint that services were rendered by the plaintiff in that regard and in other respects, at the request of the defendants, and in consideration of the defendants’ promise “that if defendants were able to purchase the Princeton property and if defendants decided to construct a block front office building on the Princeton and Kaskel properties, then and in that event, plaintiff would be designated the renting agent of that building for the time necessary to fully rent the building and plaintiff would receive therefor customary commissions” (emphasis supplied). It is then alleged that such services were rendered, that plaintiff duly performed, and that “ Thereafter and in or about the month of November, 1960, the defendants purchased the Press and Princeton properties for the purpose of constructing a block front office building on the site of the Princeton, Press and Kaskel properties”. It is further alleged that the plaintiff was to be employed by the defendants as renting agent of the building to be constructed, for which the plaintiff was to receive customary commissions from the defendants; but the defendants repudiated their agreement. The plaintiff sues to recover damages for the defendants’ breach of contract. The defendants move for dismissal of this cause of action for legal insufficiency (Rules Civ. Prae., rule 106, subd. 4).
This count, as pleaded in the initial complaint, was heretofore dismissed for legal insufficiency, the court stating that 1 ‘ There is no allegation of a definite period for said alleged agreement. In the absence of such, the contract is one at will of the parties ”. The cause of action was thereafter amended to include the words in italics above: ‘ ‘ for the time necessary *722 to fully rent the building.” It is this pleading which is again attacked as insufficient.
It is contended by the defendants, first, that the defect has not been cured and that the period of duration is still indefinite, since no limitation is fixed as to the time when the defendants could decide to construct. I disagree with the defendants on this point. The plaintiff, in my view, is entitled to maintain the cause of action upon the basis that the obligation of the defendants attaches when their decision to construct is made, and that the period of duration runs from thence forward which, as alleged, is “ for the time necessary to fully rent the building ”. No issue of the Statute of Frauds is raised, but if it were, the time involved could be for less than one year and therefore the agreement would not be within the statute (Personal Property Law, § 31, subds. [1], [10] ; Plimpton v. Curtiss, 15 Wend. 336).
A further contention is made by the defendants that it is not alleged that the condition precedent to the arising of the obligation has occurred, that is, that it is not pleaded that the defendants did decide ‘ ‘ to construct a block front office building-on the Princeton and Kaskel properties ”. In response, the plaintiff contends that the condition precedent has occurred, and that it is so alleged, in that it is set forth in the complaint that the defendants purchased the properties “ for the purpose of constructing a block front office building on the site of the Princeton, Press and Kaskel properties”.
On this point I disagree with the plaintiff. The defendants were not obliged, upon purchase, regardless of the purpose thereof, actually to proceed to construct; and the allegation of purpose of purchase is not an allegation of decision to construct — that is to say, that the condition precedent has occurred. Of course, I should give every fair intendment to the pleading so as to sustain it when it is attacked for legal insufficiency on its face (Russell v. Marboro Books, 18 Misc 2d 166, 183). But “purpose” and “decision” are not synonymous, either semantically or substantively.
It is stated in the plaintiff’s brief that the office building is actually now in the course of construction, but such an allegation does not appear in the complaint and, therefore, any assertion based thereon, that there has been the required “ decision ”, cannot be considered. Neither briefs (1010 Third Ave. Realty Corp. v. Leo-Ad Realty Corp., 5 Misc 2d 434) nor affidavits (Spring v. Moncrieff, 208 Misc. 671, 678) can submit the extrinsic facts needed to protect the complaint from the present attack. Nor can the court “ supply pertinent allegations needed to make the complaint sufficient” (Faroll v. National Sur. Corp., 26 *723 Misc 2d 548, 551). For on the present motion I am, of course, circumscribed in my sights by the four corners of the pleading (Manhattan Fire & Marine Ins. Co. v. Tishmm Co., 203 Misc. 452, 453; Schlanger & Sons v. Beaumont Factors, 205 Misc. 943, 945-946; Harris v. Averick, 24 Misc 2d 1039, 1041).
Accordingly, the motion is granted, with leave to the plaintiff to serve a second amended complaint within 20 days after the service of the order hereon with notice of entry.